[No. 21017.  Department One.  February 20, 1927.]

THE STATE OF WASHINGTON, *Appellant*, v. A. C.
McCABE, *Respondent*.[1]

[1] INDICTMENT AND INFORMATION (72)—DUPLICITY—JOINING DIF-
FERENT OFFENSES.  Under Rem. 1927 Sup., § 2059, it is proper
to join in one information two counts for two distinct robberies
committed at different times, where the accused is not thereby
prejudiced.

Appeal from an order of the superior court for King
county, Steinert, J., entered September 27, 1927, grant-
ing a new trial after a trial and conviction of robbery.
Reversed.

*Ewing D. Colvin* and *R. M. Burgunder*, for appellant.
*Warren Hardy*, for respondent.

PER CURIAM.—The respondent was, in an informa-
tion containing two counts, charged with two distinct
crimes of the same class, namely, a robbery committed
upon one Hennessy on January 28, 1927, and a robbery
committed upon one Pond on March 25, 1927.  Re-
spondent's motion for a separate trial on each count
was denied; and after a trial upon both counts, to the
same jury, a verdict of guilty upon each count was
rendered.  The trial court denied a motion for a new
trial on July 6, 1927, and thereafter, upon application
for a reconsideration, based upon the Departmental
opinion of this court in *State v. Brunn*, 144 Wash. 341,
258 Pac. 13, the trial court, while holding that the re-
spondent had not been prejudiced by the joinder, felt
impelled to, and did, grant a new trial, by order dated
September 27, 1927.  From that order, the state has
appealed.

[1]Reported in 264 Pac. 15.

A rehearing was granted by this court in the *Brunn* case, and the decision of the court, sitting *En Banc,* was handed down November 2, 1927, and is reported in 145 Wash. 435, 260 Pac. 990.

[1] The *En Banc* opinion clearly overrules the Departmental opinion upon the matter of the joinder of two separate offenses, and lays down a rule to the effect that such joinder may be had, subject to the discretion of the trial court to grant separate trials, where necessary to preserve and protect the substantial rights of the accused.

It clearly appears from the record before us that the rights of the accused were not prejudiced by the joining of the two charges or by the trial on both charges at the same time and to the same jury. It follows that a new trial should not have been granted, and that the trial court was led into error by the error in our Departmental opinion.

The order of the trial court is therefore reversed, with instructions to enter judgment on the verdict of the jury.