[No. 20902. *En Banc.* July 31, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. PETER G. HILSTAD, *Appellant*.[1]

[1] INDICTMENT AND INFORMATION (72) — DUPLICITY — CHARGING FELONY AND MISDEMEANOR IN SAME INFORMATION. Under Rem. 1927 Sup., § 2059, providing for the joinder of several charges for two or more acts or transactions of "the same class of crimes," it is proper to join charges of misdemeanors and felonies in the violation of the prohibition laws; since the word "class" has reference to crimes of the same general nature and not to the statutory "classification" of Rem. Comp. Stat., § 2253, placing felonies in one class and misdemeanors in another (FRENCH and MITCHELL, JJ., dissenting).

Appeal from a judgment of the superior court for Kitsap county, Sutton, J., entered June 2, 1927, upon a trial and conviction of selling intoxicating liquor. Affirmed.

*Marion Garland,* for appellant.
*James W. Bryan,* for respondent.

TOLMAN, J.—The defendant was charged by an information filed in the superior court with various offenses against the prohibition law. The information contained five counts. Count 1 charged possession and the sale of intoxicating liquor to one W upon a certain date; count 2 charged possession and the sale of intoxicating liquor to the same person upon a different and subsequent date; count 3 charged possession and the sale of intoxicating liquor to one T on still another date; count 4 charged possession and the sale of intoxicating liquor to one C on still another and different date; and count 5 charged the defendant in appropriate language with opening up and maintaining a joint at a certain designated place.

[1]Reported in 269 Pac. 844.

By appropriate proceedings in the trial court, the defendant raised objections to the information on a number of grounds, and particularly questioned the right of the state to include felonies and misdemeanors by separate counts in the same information, where nothing was alleged to indicate that the several offenses arose out of the same transaction or that the acts charged were in any way connected together.

The trial court ruled against the defendant on these various matters, and a trial was had to a jury upon all of the counts, resulting in a verdict of guilty on counts three and four. From a judgment and sentence on the verdict, the defendant has appealed.

[1] While the verdict of guilty was upon counts charging misdemeanors only, and the appellant was not found guilty on the felony charge, yet the inclusion of that charge, it is contended, was erroneous and prejudicial, and unless our statute permits the joinder of felonies and misdemeanors by separate counts in the same information in such a case as this, the point would seem to be well taken. Our statute reads:

"When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, or informations the whole may be joined in one indictment, or information, in separate counts; and, if two or more indictments are found, or two or more informations filed, in such cases, the court may order such indictments or informations to be consolidated." Laws of 1925, p. 168 (Rem. 1927 Sup., § 2059).

This statute was construed in *State v. Brunn*, the departmental opinion appearing in 144 Wash. 341, 258 Pac. 13, and upon rehearing, the case was heard *En Banc* and the later decision is reported in 145 Wash.

435, 260 Pac. 990. In the first *Brunn* case it was pointed out that the statute covers three possible contingencies. First, the joinder of several charges growing out of the one act or transaction; second, two or more acts or transactions connected together; and, third, two or more acts or transactions of the same class of crimes which may be properly joined. We find nothing in the information here justifying a holding that the joinder here complained of was made under either the first or the second provisions of the statute, and from its wording we must hold that the information was intended to comply with the third ground of the statute, namely: the joinder of two or more acts or transactions of the same class of crimes.

The *Brunn* case, *supra,* seems to cover every question which was or might have been raised here with reference to the statute, save only the joinder of felonies and misdemeanors not arising out of the same act or transaction and not connected together.

As there indicated the statute being practically identical with the Federal statute, we must look primarily for a Federal interpretation.

We, perforce, disregard the many authorities which hold that separate counts charging misdemeanors and felonies may be joined where the charges grow out of the same act or are connected together, and the only case brought to our attention which in any wise meets the present situation is *United States v. Mullen,* 7 Fed. (2d) 244, which was a prosecution under the Federal prohibition act. That act itself provides that separate offenses against the act may be joined in separate counts and all tried together. The court there said:

"While under the technical definitions of misdemeanors and felonies under the Criminal Code (35 Stat. 1088) the first offense is a misdemeanor and the second offense is a felony, yet, even if there were no

special authority for joining different offenses in sep-
arate counts under section 32, I do not think that this
distinction between misdemeanors and felonies, based
entirely upon the amount of punishment, makes the of-
fenses or acts different classes of crimes or offenses,
as referred to in R. S. § 1024, where it is provided that
several charges for two or more acts or transactions
of the same class of crimes or offenses may be prop-
erly joined in separate counts. The distinction be-
tween misdemeanors and felonies at common law and
in the United States at the time of the adoption of
section 1024 was entirely different from that distinc-
tion as it exists under the Code, which makes the
amount of punishment alone the distinguishing line
of demarcation between misdemeanors and felonies.

"One sale of intoxicating liquor contrary to law is
certainly the same class of crime as another sale of
intoxicating liquor, though for the first offense the
punishment may be such as to make the crime a mis-
demeanor, and for the second offense a felony.

"One offense of possessing liquor contrary to law
is, I think, the same class of offense as a sale of liquor
contrary to law, and they may be charged in separate
counts of the same indictment, though in the case of
the one offense it may be a first offense and a misde-
meanor, and in the case of the other offense it may be
a second offense and a felony—the distinguishing line
of demarcation being only the amount of punishment.

"For these reasons, and, even if we are controlled
by R. S. § 1024, instead of section 32 of the act, first
and second offenses against the same act, though one
may be a misdemeanor and the other a felony, can be
charged in separate counts of the same indictment."

While this case may lack something of being an au-
thority here by reason of the provisions of the national
prohibition act permitting such joinder, it is yet some-
what persuasive. We find no other authority bearing
on the subject, but our own reasoning brings the same
result as will hereinafter appear.

The principal argument advanced by the appellant
is that our previous statute classifies crimes as felon-

ies, gross misdemeanors and misdemeanors (Laws of
1909, p. 890; Rem. Comp. Stat., § 2253), and that there-
fore when the legislature of 1925 spoke of classes of
crime it must have meant the statutory classification
theretofore existing. We think the act of 1925 *supra,*
itself negatives that thought. If it had been intended
that all felonies might be joined in one information by
separate counts, all gross misdemeanors likewise
joined in another, and all misdemeanors so joined in
another, then provisions one and two of the act are
meaningless, wholly useless and serve no purpose
whatsoever. The whole act must be looked to for the
purpose of ascertaining the legislative intent and when
that is done, it is apparent that the words "the same
class of crimes or offenses" cannot mean the previ-
ously existing statutory classification, but rather that
the legislative meaning was crimes of the same char-
acter or nature. There is reason and logic in the law
thus construed, because, the nature of the several acts
being the same, there would be less or no prejudice to
the person charged in joining them in a single trial.
Whereas, if the previous statutory classification was
intended to govern, a defendant might find himself
compelled at one and the same time, and before the
same jury, to defend against a number of charges, each
radically different from the other and each involving
acts and motives entirely foreign to every other. We
conclude that the several charges of offenses against
our liquor laws here involved, though one was a felony
and the other misdemeanors, were of the same general
nature and were properly joined under the statute.

The judgment is affirmed.

FULLERTON, C. J., ASKREN, MAIN, PARKER, and HOL-
COMB, JJ., concur.

BEALS, J. (concurring)—In addition to the reasons
stated in the majority opinion for affirming the judg-

ment, in which opinion I concur, I desire to add the following which, it seems to me, constitutes further ground for affirmance.

Section 2059, Rem. Comp. Stat. [P. C. § 9272], as amended by Laws of 1925, Ex. Ses., p. 168, ch. 109 [Rem. 1927 Sup., § 2059], quoted in both the majority and minority opinions, establishes three groups of charges which may be joined in one indictment or information: First, "When there are several charges against any person, or persons, for the same act or transaction;" second, where there are several charges "for two or more acts or transactions connected together;" third, when there are several charges "for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined."

It seems clear that, under the first two classifications, felonies, gross misdemeanors and misdemeanors may be joined, if they meet the requirements of either of these provisions of the statute. These two classifications provide for the joining of offenses which are in some manner related, either as arising out of the "same act or transaction" or arising out of "two or more acts or transactions connected together." In my opinion the legislature in establishing the third group of offenses which may be joined did not intend to depart from the principle which underlies the first two groups; that is, the fact of close association between the offenses charged, but intended simply to extend the rule so as to permit the joinder of charges based upon offenses of the same general character when, in the opinion of the court, the same "may be properly joined" in one indictment or information.

The title "Classification of Crimes," contained in Laws of 1909, p. 890, ch. 249 [Rem. Comp. Stat., § 2253], classifies offenses by placing the same upon different planes, the bases of which are determined by

the punishment to be inflicted upon conviction. The first two groups associated by § 2059, *supra,* are formed without regard to any connection of the offenses which may be joined one with another, by reason of such offenses being upon the same plane as regards the punishment to be imposed upon conviction thereof, but rather group the offenses which may be jointly charged between vertical boundaries which extend through the horizontal classification of crimes established by Laws of 1909, *supra,* and embrace connected offenses, without regard to the penalties. I believe that the legislature, in providing for the joinder of charges based upon "two or more acts or transactions of the same class of crimes or offenses, which may be properly joined," had in mind the same general basis of association which was undoubtedly considered in establishing groups one and two, and did not intend to depart wholly and entirely from the principle followed in establishing such groups, and establish a third group based upon an entirely different principle, that of similarity of degree of punishment, which would permit the joinder of offenses wholly unconnected as to time, place and character. In my opinion the word "class," as contained in § 2059, as amended, refers to offenses of the same character or nature without regard to the "classification of crimes," with regard to punishment, as established by § 1 [Laws of 1909, p. 890] of our criminal code.

FRENCH, J. (dissenting) — The defendant was charged by an information containing five counts. Count 1 charges possession and sale of intoxicating liquor to one A on a certain date; count 2 charges possession and sale of intoxicating liquor to A on a different date, some six or seven weeks later; count 3 charges possession and sale of intoxicating liquor to

B on still another date; count 4 charges possession and sale of intoxicating liquor to C on still another date; and count 5 of the information charges the defendant with opening up and maintaining a joint at a certain designated place.

By appropriate proceedings in the lower court, the defendant objected to the information on a number of grounds and particularly questioned the right of the state to include felonies and misdemeanors in the same charge, where there is nothing to indicate that they arose out of the same transaction, and nothing to indicate that the acts or transactions were in any way connected together. Our statute governing the question is as follows:

"Section 1. That Section 2059 of Remington's Compiled Statutes be amended to read as follows:

"Section 2059. Where there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information in separate counts; and, if two or more indictments are found, or two or more informations filed, in such cases, the court may order such indictments or informations to be consolidated." Laws of 1925, Ex. Ses., p. 168; Rem. 1927 Sup., § 2059.

In *State v. Brunn,* 145 Wash. 435, 260 Pac. 990, this court carefully considered the above statute and resolved all the questions, excepting the one which we have above indicated against appellant. It will be noticed that the statute above quoted provides for one indictment with separate counts, first, where the several charges arise out of the same act or transaction; second, where there are two or more acts or transactions connected together; or third, where there are

two or more acts or transactions of the same class of crimes or offenses. There is nothing in this information indicating that the several charges arose out of the same act or transaction, or that the acts or transactions were in any way connected, rather the contrary affirmatively appears, so that it becomes necessary to inquire as to what is meant by the language "two or more acts or transactions of the same class of crimes or offenses."

The act, being taken in its entirety from the Federal statute, we have indicated in *State v. Brunn, supra,* that the interpretation placed thereon by the Federal courts will be followed generally by this court. The only Federal case which we have been able to find touching on the question presented by the third subdivision of this statute is *United States v. Mullen,* 7 Fed. (2d) 244, a decision by a United States district court, where an indictment under the Federal prohibition act, which charged in one count a felony and in a second count a misdemeanor, was upheld. But this is not altogether in point, because there is a special provision in the Federal prohibition act which reads as follows:

"In any affidavit, information, or indictment for the violation of this chapter, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed." U. S. Code (1926) Title 27, § 49.

It is true that there is language in the opinion which indicates that the joinder might be had under the general statute. But in view of the special provisions in the prohibition act which we have above quoted, it was not necessary to the opinion.

Crimes at common law are classified as treason, felonies and misdemeanors. In many of the states this classification is not followed, but both Mr. Bishop and

Mr. Wharton make this classification, and the same classification is made by Corpus Juris.

Turning to our own Session Laws, we find Laws of 1909, p. 890 [Rem. Comp. Stat., § 2253], the same being our criminal code, providing:

"Section 1. CLASSIFICATION OF CRIMES.

"A crime is an act or omission forbidden by law and punishable upon conviction by death, imprisonment, fine or other penal discipline. Every crime which may be punished by death or by imprisonment in the state penitentiary is a felony. Every crime punishable by a fine of not more than two hundred and fifty dollars, or by imprisonment in a county jail for not more than ninety days, is a misdemeanor. All other crime is a gross misdemeanor."

It seems to me that this classification of crimes having been made by our own legislature, must be deemed to be the classification intended when the words were used "or for two or more acts or transactions of the same class of crimes or offenses."

In *State v. Brunn, supra,* we said:

"In this case, the twenty-six counts cover offenses of the same class, closely connected in point of time and apparently to a considerable extent proof tending to support one charge would be admissible in support of the others. We have no disposition to enlarge the Federal rule, but this case falls well within it."

It seems to me that under our statutory classification of crimes, felonies, misdemeanors and gross misdemeanors can only be joined together in one indictment or information, when the facts therein stated show that they arise out of the same act or transaction, or the acts or transactions are in some way connected together. In this case, it affirmatively appears that the acts charged are in no way connected together, bear no relationship to one another, are separate and independent, and proof of one does not in any way tend

to prove the other. The view expressed in the majority opinion requires the trial court, in every case where there are several counts in an information covering felonies and misdemeanors not arising out of the same transaction or not connected, to judicially determine the meaning of the words "the same class of crimes or offenses", and this judicial determination must be made in the face of the legislative declaration of the meaning of the words. I think it was the plainly expressed intention of the legislature to grant to prosecuting attorneys the widest latitude in the joining, by separate counts, in one information, all felony charges, all gross misdemeanor charges and all misdemeanor charges, referring to the court the question of separate trials on the various counts, if it appear that the defendant might be prejudiced by the joinder.

I think the holding in the majority opinion tends to make uncertain the terms of a statute which appears to be plain and unambiguous. I therefore dissent.

MITCHELL, J., concurs with FRENCH, J.