[No. 22246. *En Banc.* June 25, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES
McCOURT, *Appellant*.[1]

*Attwood A. Kirby,* for appellant.

*Ewing D. Colvin,* for respondent.

PARKER, J.—The defendant, McCourt, was, by information filed in the superior court for King county, charged in the first count thereof with murder in the first degree, committed by him while withdrawing from the scene of the commission by him of the robbery of one Watson. He was, in a second count in the information, charged with the same robbery of Watson. He was, in seven additional counts in the information,

[1]Reported in 289 Pac. 41.

charged, respectively, with seven separate robberies committed on or about the same day, but without any accompanying allegation connecting either of them with either the murder charge in the first count or the robbery charge in the second count. He demurred to the information,

". . . for the reason that it improperly joins different offenses in separate counts, and that it improperly joins different offenses or crimes not connected together, nor growing out of the same acts or transactions, and not of the same class of crimes or offenses."

This demurrer was, by the trial court, overruled, and the defendant, over his objection, forced to trial upon all of the charges so made against him. Counts 6 and 7 of the information were dismissed by the court at the conclusion of the evidence for want of proof supporting them. The jury returned a verdict finding the defendant guilty upon counts 1, 2, 3, 4, 5, 8 and 9, making a special finding that, for his murder guilt, as charged in count 1, the death penalty should not be inflicted. Upon the verdict and findings of the jury so made, the trial court rendered final judgment and sentence against the defendant, that, upon the jury's finding of murder guilt upon count 1, he be imprisoned for life, and that, upon each of the jury's findings of robbery guilt upon counts 2, 3, 4, 5, 8 and 9, he be imprisoned from twenty to thirty years, all of the sentences to run concurrently. The defendant thereupon appealed to this court from the judgment in so far as it sentences him upon the jury's finding of his guilt of the robberies charged in counts 3, 4, 5, 8 and 9.

Appellant does not make any contention here that the judgment should be reversed in so far as it sentences him upon the jury's finding of his guilt of the murder charge in count 1 or the robbery charge in count 2,

conceding that these two charges were properly joined by reason of their connection as charged. He apparently does not desire that the judgment be reversed as to these two sentences, and thus create the possibility of a death sentence verdict and judgment being rendered against him upon another trial. So, looking to the reversal of the judgment only in so far as it sentences appellant upon the jury's findings of his guilt upon the robbery counts 3, 4, 5, 8 and 9, his counsel argue here only that the information improperly joined these robbery charges with the murder charge in count 1, because they are not of the same class as that crime, and because no allegation is made in the information connecting either of those robbery charges with the murder charge.

Counsel for the state move in this court to dismiss this appeal because of the fact, as it is argued, that the question here presented in appellant's behalf is moot and is now of no consequence to him, since he has, by the judgment, been sentenced to life imprisonment, and the robbery sentences which he seeks to have reversed run concurrently with his life sentence, which is not sought to be reversed. Viewed superficially, there may seem to be some plausible foundation for so arguing, but, critically viewed, in the light of appellant's legal rights, we regard the argument as wholly unsound. Who can now say what the future may bring forth? Surely, it is of some consequence to appellant that these five robbery sentences are against him, even though they run concurrently with his life sentence. It is easy to see how these robbery sentences may be at least of some affliction in the life of appellant in addition to that which he shall suffer from the imprisonment in pursuance of his life sentence. However slight such added affliction might be, it should not be inflicted upon him unlawfully. Besides, it is easy

502

to see that these robbery sentences, if unreversed, may stand in some degree as impediments to possible future executive clemency in favor of appellant. The fact that the exercise of executive clemency in favor of appellant may be a very remote possibility is no argument that he has not the legal right to have those robbery sentences reversed, if they cannot stand the test of the law. The motion of counsel for the state to dismiss the appeal is denied.

 It seems plain that appellant's demurrer is a proper method of challenging the sufficiency of the information. See Rem. Comp. Stat., § 2059, as amended by chapter 109, Laws of 1925, p. 168 and § 2105. It has been so recognized as the proper procedure in the following of our decisions rendered since § 2059 was amended by the act of 1925, though not so decided as a controverted question: *State v. Brunn,* 144 Wash. 341, 258 Pac. 13, and 145 Wash. 435, 260 Pac. 990; *State v. McMahon,* 145 Wash. 672, 261 Pac. 639; *State v. Snyder,* 146 Wash. 391, 263 Pac. 180. Manifestly, appellant has the right, which he here asserts on appeal, to challenge the joining of these five robbery counts with the murder count in the information, though he does not seek reversal of the sentences upon his conviction of the murder and robbery charges in counts 1 and 2 of the information.

Section 2059, Rem. Comp. Stat., as amended by chapter 109, Laws of 1925, Ex. Ses., p. 168, reads:

"When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts; . . ." Rem. 1927 Sup., § 2059.

It is plain that none of the five robbery charges in question is in any manner charged in the information as having any connection with the murder charge in count 1. Clearly, this is an erroneous charging of several offenses in one information, unless we are to hold that murder and robbery belong to "the same class of crimes." The question of joinder of charges of separate crimes in one information under § 2059, as amended, was elaborately reviewed in our decisions in *State v. Brunn,* 144 Wash. 341, 258 Pac. 13, and 145 Wash. 435, 260 Pac. 990, wherein we finally arrived at the conclusion, by our decision *En Banc,* that the charge of several forgeries, though disconnected, was permissible under that section. We so held because those charges were of the same class. Observations made in those decisions rather plainly intimate, though do not expressly decide, that two or more charges of crimes not of the same class could not be properly joined in one information, unless by appropriate allegation in the information they be charged to be connected together. Section 2059, as amended, appears to us to plainly require such a holding. Our decisions in *State v. Dixon,* 143 Wash. 262, 255 Pac. 109; *State v. McMahon,* 145 Wash. 672, 261 Pac. 639; *State v. Snyder,* 146 Wash. 391, 263 Pac. 180; *State v. McCabe,* 146 Wash. 626, 264 Pac. 15, and *State v. Hilstad,* 148 Wash. 468, 269 Pac. 844, are of interest in this connection and not out of harmony with this view.

Now, are murder and robbery of the same class, within the meaning of § 2059, as amended? It seems clear to us that they are not. In *State v. Hilstad,* 148 Wash. 468, 269 Pac. 844, there was a joining in the information of several charges of unlawful possession of intoxicating liquor, and also a charge of the opening up and maintaining a joint for the sale of intoxicating liquor. This was the joining of the misdemeanor

possession charges with the felony jointist charge. Answering the contention that it was not proper to join misdemeanor and felony charges because they were of a different class of crimes, we said:

". . . It is apparent that the words 'the same class of crimes or offenses' cannot mean the previously existing statutory classification, but rather that the legislative meaning was crimes of the same character or nature.''

Surely, it cannot be said that murder and robbery are "of the same character or nature," though, of course, they might be committed in such close relationship that their commission would constitute one transaction, as was charged against appellant in counts 1 and 2 in this information.

Contention is made by counsel for the state rested upon the theory that the evidence introduced upon the trial shows all of the charged robberies to have been committed in connection with the murder. We are not inclined to so view the evidence, as to the charged robberies other than the one charged in count 2 of the information as connected with the murder for the conviction of which appellant does not seek reversal, as he does not seek reversal of his murder conviction. However, we are here concerned only with the question of the sufficiency of the information as against demurrer upon the ground of improper joinder. See *People v. Degnen,* 70 Cal. App. 567, 234 Pac. 129, and authorities therein noticed. Nor is this a question of the court ordering separate trials upon one or more of a number of counts and requiring the state to elect as to the order of such trials. That is a matter of discretion with the court after the information is challenged by demurrer, and the demurrer waived or overruled.

We conclude that the trial court erred in overruling appellant's demurrer to the information and forcing

him to trial upon the several charges therein improperly joined. The judgment is reversed in so far as it sentences appellant upon the jury's findings of his guilt of the charges made against him in counts 3, 4, 5, 8 and 9 of the information. Of course, the judgment rendered against appellant, in so far as it sentences him upon the jury's finding of his guilt of murder in the first degree, as charged in count 1, and robbery as charged in count 2, remains in full force and effect, wholly undisturbed by this decision.

MAIN, MILLARD, and TOLMAN, JJ., concur.

BEALS, J. (concurring)—I agree with the majority in the conclusion reached in the foregoing opinion, and I am, in the main, in accord therewith. I wish, however, to state my opinion that an accused can be charged in the same information with a series of robberies committed in immediate succession and with a murder committed in the course of one of the robberies. Such a state of facts existing, it seems to me clear that an information charging the several offenses, and containing allegations in each count charging robbery, to the effect that the particular offense therein charged was committed by the accused as one of a series of robberies, perpetrated one following the other in practically immediate succession, and in the count charging murder an allegation that the murder was committed in the course of the perpetration of one of the series of robberies, would be good as against a demurrer for misjoinder.

As the information upon which appellant was tried does not, in counts 3, 4, 5, 8 and 9, allege that the robberies charged in those counts were committed in a comparatively short space of time, one quickly following another, and in the course of the same criminal raid, in which the murder and robbery charged in

counts 1 and 2 were committed, the information is, in my opinion, obnoxious to a demurrer for misjoinder, and the assignments of error presented by appellant on this appeal must be sustained. Each count of the information before us alleges that the offense therein charged was committed "on or about the 14th day of September, A. D. 1928," but, the date of the alleged offenses being so charged, proof might have been offered by the prosecution to the effect that the crimes were in fact committed on different days. The information, therefore, fails to allege that the offenses charged were committed in quick succession, forming in fact "two or more acts or transactions connected together," in the words of the statute, or, in other words, a series of crimes closely connected in point of time, one robbery following another almost immediately, and the murder count charging a killing committed in the course of one of the robberies. In the absence of such allegations, the information is, in my view, defective.

With the exception noted, I concur in the foregoing opinion.

HOLCOMB, J. (concurring)—Although I consider the issue decided of but slight consequence to appellant and of none to the state in this particular case, I concur in the result.

FRENCH, J. (dissenting)—I think the information sufficiently complies with the rule announced by Judge Beals in the above concurring opinion, and the evidence in this case comes squarely within the rule.

FULLERTON, J., concurs with FRENCH, J.