[No. 23126.   Department One.   January 19, 1932.]

THE STATE OF WASHINGTON, *Respondent,* v. HOMER BARRY, *Appellant.*[1]

*Chas. A. Johnson* and *E. D. Clough,* for appellant.

PARKER, J.—The defendants Barry and two others were jointly charged by two counts in an information filed in the superior court for Okanogan county. By count 1 of the information, they were charged with the crime of assault in the second degree, committed upon Leslie Meyers in that county. By count 2 of the information, they were charged with attempting to escape from the lawful custody of B. T. McCauley, sheriff of that county, while each was being lawfully held by him on a charge of having committed a felony. There is no allegation in the information that the two crimes charged in these separate counts were the same act or transaction, or were acts or transactions connected together.

Barry timely challenged the sufficiency of the information to put him upon trial, upon the ground,

[1]Reported in 7 P. (2d) 11.

among others, of its duplicity, in that the two charged crimes are not of the same class, and are not charged as being the same act or transaction and are not charged as acts or transactions connected together. This challenge being by the court overruled, Barry was, over his counsel's objections, forced to trial upon both charges; which trial resulted in verdicts of guilty being found by the jury against him, on which final judgment was rendered sentencing him on count 1 to imprisonment in the county jail for a term of eight months; and sentencing him on count 2 to imprisonment in the state reformatory for a term of from one to three years. From this judgment, Barry has appealed to this court. The other defendants pleaded guilty.

By § 1008 of our territorial code of 1881, it was provided, with reference to criminal charges, that:

"The indictment must charge but one crime, and in one form only, except that where the crime may be committed by use of different means, the indictment may allege the means in the alternative."

With the exception of the words "or information" following the word "indictment," which were inserted in that section by amendment found on page 50, Laws of 1891, that section remained unchanged until 1925, it then being Rem. Comp. Stat., § 2059. That amendment was made evidently because, upon the adoption of our state constitution, prosecution by information as well as by indictment was authorized.

By chapter 109, Laws of 1925, Ex. Ses., p. 168, that section was amended to read as follows:

"When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly

joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts; . . . " Rem. 1927 Sup., § 2059.

So, it seems plain that this amendment does not warrant the charging in one indictment or information of more than one crime, except under the conditions as prescribed therein.

If the crimes here charged against Barry were of the same class, they could be properly charged in one information in separate counts therein. *State v. Snyder,* 146 Wash. 391, 263 Pac. 180; *State v. McCabe,* 146 Wash. 626, 264 Pac. 15; *State v. Hilstad,* 148 Wash. 468, 269 Pac. 844. But, manifestly, the crime of assault and the crime of attempt to escape are not of the same class, and hence, to render them properly chargeable in the same information, there must be a charge therein showing them to be "the same act or transaction," or "acts or transactions connected together."

This information is wholly deficient in this respect, and therefore the information is defective because of its duplicity. The court erred in forcing Barry to trial upon the charges so made against him. Our *En Banc* decision in *State v. McCourt,* 157 Wash. 499, 289 Pac. 41, is decisive to this effect.

We conclude that the judgment must be reversed. It is so ordered.

TOLMAN, C. J., MITCHELL, BEELER, and HERMAN, JJ., concur.