[No. 23776. Department Two. July 12, 1932.]

THE STATE OF WASHINGTON, *Respondent*, v. HARRY McGILL, *Appellant*.[1]

*Ray R. Greenwood*, for appellant.
*James W. Bryan, Jr.*, for respondent.

BEALS, J.—Harry McGill and Rod McPherson were jointly charged by count one of an information with

[1] Reported in 12 P. (2d) 921.

the crime of resisting an officer, and by count two with assault in the third degree. Their trial resulted in the acquittal of both defendants as to count one, and the conviction of defendant McGill under count two, of which charge his co-defendant was acquitted. From a judgment of guilty and sentence upon the verdict, defendant appeals.

Rod McPherson was in charge of an upstairs lodging house, in the city of Bremerton, known as the "Raymond Rooms," appellant being the owner of the furniture and, to that extent, interested in the operation of the lodging house. July 23, 1931, Thomas F. Murphy, a Federal prohibition agent, went to the city of Bremerton for the purpose of making a floor plan of the Raymond to be used in connection with certain abatement proceedings then pending in the Federal court. After a conference with the prosecuting attorney, a warrant was procured authorizing a search of the rooms, the warrant being delivered to one Rush Blankenship, a deputy sheriff. Murphy, Blankenship and Alderman, another deputy sheriff, then went to the lodging house, Alderman taking post in the rear of the premises, Blankenship remaining on the sidewalk in front thereof, while Murphy went up the stairway for the purpose of endeavoring to procure admission to the premises.

Defendant Rod McPherson responded to Murphy's knock, whereupon Murphy sought to buy liquor, McPherson replying that he had none. A scuffle ensued, in the course of which McPherson prevented Murphy from entering the apartment. Appellant McGill, viewing the altercation from the street, then ran up the stairs and took hold of Murphy. From the testimony as to the subsequent happenings, the jury might have found that appellant seized Murphy around the head and neck and dragged him into the hall, and that in

the scuffle Murphy's glasses were broken, and his finger crushed between the door and the jamb when, during the scuffle, the door was violently closed.

Appellant contends that the trial court erred in overruling his demurrer to the information and his challenge to the sufficiency of the evidence. He also contends that certain testimony was erroneously admitted over his objection; that the court erred in its instructions to the jury, and in overruling his motion for judgment notwithstanding the verdict and his motion for a new trial.

In support of his first assignment of error, appellant argues that the information is defective, in that it does not appear that the two counts joined therein arose out of the same act or transaction, or were anywise connected together, or that they belonged to the same class of offenses. The venue and date alleged in each of the two counts, as set forth in the information upon which appellant was tried, are identical. Both offenses were alleged to have been committed against one Thomas L. Murphy.

In this connection, appellant cites the case of *State v. McCourt*, 157 Wash. 499, 289 Pac. 41. In that case, the defendant was charged by count one of the information with the crime of murder in the first degree, committed while withdrawing from the scene of the robbery of one Watson. By the second count, he was charged with the robbery of Watson, and by seven additional counts he was charged with seven separate robberies committed on or about the same day, but without any accompanying allegations connecting the crimes charged with either the first or the second count. The jury found McCourt guilty upon counts one, two, three, four, five, eight and nine, but this court held that, as to the last five counts upon which

he was found guilty, the judgment should be reversed, the information as to these counts being defective in that the crimes charged were not connected by appropriate allegations and were not of the same class with murder.

The case cited is not an authority for appellant's position here. The information now under discussion charged appellant with two offenses of the same class, resisting an officer and assault, both committed against the same man on the same day and in the same county.

In the case of *State v. Barry,* 166 Wash. 379, 7 P. (2d) 11, it was held that an information containing two counts, one charging assault in the second degree and the other an attempted escape, was bad, no facts being alleged connecting the offenses together or showing that the same constituted one act. Assault and attempted escape are not of the same class, within the provisions of chap. 109, Laws Ex. Ses. 1925, p. 168 (Rem. 1927 Sup., § 2059), and, in the absence of allegations bringing them within the other provisions of that section, should not be charged in the same information.

The situation here presented is different, and does not fall within the rule laid down in the cases cited. Upon the record before us, we find no merit in appellant's contention that the trial court erred in overruling his demurrer to the information, or in proceeding with the trial thereon.

Mr. Murphy testified that, after endeavoring to buy liquor from Rod McPherson, he stated that he was a Federal prohibition agent. Assuming, as argued by appellant, that an officer of the law who has, by soliciting the sale of intoxicating liquor, attempted to induce another to violate the law, is not entitled to have his subsequent declaration that he is an officer immediately believed, the record, nevertheless, con-

tains evidence which supports the jury's finding of appellant's guilt of the offense of assault in the third degree. Had it appeared that appellant was endeavoring to keep Mr. Murphy out of the premises, a different question might be presented, but the record contains testimony from which the jury may have found that appellant forcibly dragged Mr. Murphy into the lodging house and slammed the door after him.

We are unable to follow appellant in his argument that, because the jury acquitted Rod McPherson under both counts of the information and acquitted appellant of count one, this court should hold, as matter of law, that appellant's conviction under count two should be set aside. Neither do we find that the evidence requires a holding, as matter of law, that Rod McPherson was simply defending himself against unwarranted aggression on the part of Murphy, and that appellant was entitled to go to McPherson's assistance and exert reasonable force in his behalf. The jury might have adopted this theory, but they did not do so, and the evidence does not require a holding that appellant is entitled to his discharge, as a matter of law.

Appellant assigns error upon an instruction of the trial court in which the jury were advised as to the facts under which they could find the defendants guilty under count one. We cannot follow appellant's argument, and cannot hold that this instruction prejudiced appellant and that his conviction under count two of the crime of assault in the third degree must therefore be reversed.

Investigation convinces us that other assignments of error relied upon are without merit, and, finding no error in the record, the judgment appealed from is affirmed.

TOLMAN, C. J., HOLCOMB, MILLARD, and MAIN, JJ., concur.