[No. 28673.   Department One.   June 15, 1942.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM E. STANDISH, *Appellant*.[1]

*D. L. Van Buskirk*, for appellant.

*John S. Lynch, Jr.*, and *Levy Johnson*, for respondent.

[1]Reported in 127 P. (2d) 255.

40

SIMPSON, J.—The information in this case contained three counts. In the first and second counts, defendant was charged in each with the violation of Rem. Rev. Stat. (Sup.), § 2456 [P. C. § 8768], Laws of 1937, chapter 74, § 3, p. 322, while the third count charged that he committed the crime mentioned in Rem. Rev. Stat. (Sup.), § 2436 [P. C. § 9108], Laws of 1937, chapter 74, § 1, p. 321.

Defendant did not ask for separate trials upon the charges contained in the information, but demurred upon the ground that "several charges" were improperly joined. The demurrer was overruled. Defendant then entered a plea of not guilty. Trial by jury resulted in a verdict of guilty on each count. The court sentenced the defendant in accordance with the provisions of the statutes.

Defendant appealed to this court and makes the following assignments of error: The court erred (1) in overruling the demurrer to the information on the ground that there was an improper joinder of the counts thereof; (2) in permitting a witness to testify and in permitting her testimony to remain in evidence over the objection of the defendant; (3) in refusing to strike the testimony of the state's witness Ray Hays; (4) in his instructions to the jury; (5) in overruling the defendant's motion for a new trial and in entering judgment on the verdict.

We shall not refer to the facts present in this case, for the reason that it is unnecessary so to do in order to consider the questions presented.

In the first place, defendant argues that Rem. Rev. Stat., § 2059 [P. C. § 9272], which reads:

"When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of

crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts; and, if two or more indictments are found, or two or more informations filed, in such cases, the court may order such indictments or informations to be consolidated,"

does not indicate that all charges against the accused should be set forth in one information or tried in one action. He argues that

"It is comparatively simple for an adult, a mother for instance, to build up a case for the State by suggesting details for an immature mind to seize upon and construct into a story sufficient to make a prima facie case for the State.

"The feeling of revulsion created in the average person's mind by the mere accusation of a crime of this nature tends to destroy the presumption of innocence to which the defendant is entitled, and he goes to trial with the burden of proving his innocence resting upon him. The second such accusation in the same information read to a jury at the commencement of a trial effectively destroys any vestige of the presumption of innocence which might have remained after the first had been read."

The statute is plain in its directions and has been construed by this court in the following cases:

In *State v. Brunn,* 145 Wash. 435, 260 Pac. 990, the information contained twenty-six counts of forgery, each charging the forging and uttering of a separate instrument on a date certain, ranging from June to September, 1925. Each act was complete in itself, but all were of the same class. This court approved the action of the trial court in allowing the joinder of the various counts. The case contains many references to decisions of our Federal courts construing a Federal statute from which ours was copied. In each of the cases mentioned, the court allowed the joinder of

counts in informations in which it appeared prosecutors had included more than one charge of like nature.

In *State v. Snyder,* 146 Wash. 391, 263 Pac. 180, we approved an information charging the defendant with two counts of arson, alleging the setting of fires on different dates without stating any relation between them.

In *State v. McCabe,* 146 Wash. 626, 264 Pac. 15, the problem presented was similar to that in the instant case. There, the defendant was charged with two distinct crimes of the same class, that of robbery. The first was committed on a man named Hennessy January 28, 1927, while the second was committed on one Pond March 25, 1927. We approved the joinder of the two counts, stating that the joinder was subject to the discretion of the trial court to grant separate trials when necessary to preserve and protect the substantial rights of the accused.

In *State v. Hilstad,* 148 Wash. 468, 269 Pac. 844, the defendant was charged with five various offenses against the prohibition law. One was the possession and sale of intoxicating liquor to one individual, the second charged the same offense with the same person on a different and subsequent date, the third charged the same offense in connection with another individual upon another date, the fourth charged the same offense in connection with a third person upon another and different date, and the fifth count charged the defendant with opening up and maintaining a joint. The objection was that the counts were misjoined. In deciding the case, we stated:

"We conclude that the several charges of offenses against our liquor laws here involved, though one was a felony and the other misdemeanors, were of the same general nature and were properly joined under the statute."

See, also, *State v. McGill*, 168 Wash. 601, 12 P. (2d) 921, and *State v. Tully*, 198 Wash. 605, 89 P. (2d) 517.

The crimes charged in the information were of the same class, and the trial court was entirely correct in overruling the demurrer to the information.

It is next argued by appellant that the court committed error in allowing a girl of the age of eleven years to testify. It is contended that the witness did not understand the nature of an oath.

Rem. Rev. Stat., § 1213 [P. C. § 7724], provides:

"The following persons shall not be competent to testify:—
"2. Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly."

No contention was made that the witness was other than a normal child. However, the court questioned the witness and determined to its satisfaction that she was capable of receiving a just impression of the facts and of relating them truly. We have read the testimony of the witness and conclude that she was competent to testify, and this, in addition to the statutory provision, demonstrates that the court did not commit any error in allowing her testimony to be presented to the jury.

Appellant maintains that the testimony of Ray Hays, a member of the Olympia police department, should have been stricken. The witness testified, among other things, that he served a warrant upon appellant, but was not certain what offense the warrant charged, though he had read it to the appellant. He then said that, on the way to the police station, appellant, in response to a question relative to what would cause a man to do something like the things charged

in the warrant, answered "Oh, I don't know, I guess I was crazy."

We are unable to find any error in the court's refusal to strike the evidence given by the officer. The statement made by the appellant was in the nature of a confession, and the members of the jury were entitled to consider the statement and give to it the weight they believed it should have.

Finally, appellant contends that the court erred in the giving of two instructions. We have examined the challenged instructions with care, but fail to find any reversible error in them. They correctly stated the law and, when considered with all of the other instructions given by the court, properly protected appellant's constitutional rights and guaranteed him a fair and impartial trial.

Finding no error, we affirm the judgment.

ROBINSON, C. J., MAIN, MILLARD, and DRIVER, JJ., concur.