[No. 31493.   Department Two.   February 15, 1951.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD FORLER, *Appellant.*[1]

[1]Reported in 227 P. (2d) 727.

*I. J. Bounds* and *Homer B. Splawn,* for appellant.

*Ronald R. Hull* and *James V. McCabe,* for respondent.

ROBINSON, J.—This appeal has been brought to challenge the sufficiency of an information, under which appellant was convicted of the crime of negligent homicide and of the additional crime of failure to stop and identify after an accident. The information was phrased in two counts, and read as follows:

### "COUNT I

"Comes now RONALD R. HULL, Prosecuting Attorney of Yakima County, Washington, and by this information accuses Donald Forler of the crime of Negligent Homicide committed as follows:

"DONALD FORLER, on or about October 14, 1949, within Yakima County, Washington, then and there being, did then and there, without lawful excuse or justification, unlawfully and feloniously, kill a human being, namely: JOY GREEN, in the manner following, to-wit: He, the said Donald Forler, then and there being, and then and there being the driver and operator of an automobile on a public highway within said county and state, did then and there knowingly, unlawfully and feloniously drive and operate said automobile while under the influence of and affected by intoxicating liquor, and by operating said automobile in a reckless manner and with disregard for the safety of others, and because thereof did cause said automobile to collide with, run into and against a motor vehicle in which the said Joy Green was a passenger, thereby causing mortal wounds, fractures, contusions and ruptures inflicted by the said Donald Forler as aforesaid, and by reason thereof the said JOY GREEN did thereafter and on October 14, 1949, die . . ."

"COUNT II

"Comes now RONALD R. HULL, Prosecuting Attorney of Yakima County, Washington, and further accuses DONALD FORLER of the crime of FAILURE TO STOP AND IDENTIFY AFTER AN ACCIDENT committed as follows:

"DONALD FORLER, on or about October 14, 1949, within Yakima County, Washington, while operating and driving an automobile over, along and upon a public highway in said county and state, did then and there have an accident by colliding with and causing damage to a vehicle which was then and there being driven or attended by another person, to-wit: OPAL P. ADAMS, causing injury to and the death of another person, to-wit: JOY GREEN, and he, the said Donald Forler, did then and there willfully and unlawfully fail and neglect immediately to stop the said vehicle operated by said Donald Forler at the scene of such accident or as close thereto as possible, or forthwith to return to and remain at the scene of such accident for the purpose of identifying himself, or as required by law."

It is not disputed that appellant took every possible opportunity to challenge this information. He demurred to count I, moved to strike it, and moved to make it more definite and certain, in each case without success. At the outset of the trial, he objected to the reception of any evidence under the information, but his motion in this respect

was denied, as was his later motion, entered after the verdict of the jury, for arrest of judgment. On this appeal, he presents but one question: Does the information legally charge the crime of negligent homicide or any other crime? In connection with this general problem, however, he raises several subsidiary questions which we shall consider *seriatim.*

Appellant first attacks the information on the ground that it alleges the commission of a crime "on or about October 14, 1949" and "within Yakima County, Washington." He argues that these allegations with respect to time and place are too indefinite, in that they required him to meet evidence of a crime occurring at any time within a year, and at any location within the large area of Yakima county. Without discussing the matter at length, we shall merely note that these contentions have previously been raised in this court, and settled adversely to the view of appellant. Under our statutes, an allegation that a crime was committed on or about a certain date, and within a certain county, will be regarded as sufficient, where time and place are not material ingredients of the crime, and where (as in this case) no alibi is sought to be proved. Rem. Rev. Stat., § 2060 [P.P.C. § 132-15]; Rem. Rev. Stat., § 2065, subd. 4 [P.P.C. § 132-29]; *State v. Williams,* 13 Wash. 335, 43 Pac. 15; *State v. Karros,* 161 Wash. 329, 297 Pac. 154; *State v. Jordan,* 6 Wn. (2d) 719, 108 P. (2d) 657. Since the information described a fatal accident in which Joy Green was killed, it is scarcely conceivable that appellant was under any misapprehension as to the precise crime with which he was being charged.

Appellant's next contention is that count I is insufficient, in that it charged him with "operating said automobile in a reckless manner" without defining what was meant by "reckless." This count was quite apparently drawn with reference to Rem. Rev. Stat., Vol. 7A, § 6360-120 [P.P.C. § 295-93], which reads as follows:

"When the death of any person shall ensue within one year as a proximate result of injury received . . . by

the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle. . . ." ·

█ It is undoubtedly the rule in this jurisdiction, as in many others, that it is sufficient, in charging a crime, to follow the language of the statute, where such crime is there defined, and the language used is adequate to apprise the accused with reasonable certainty of the nature of the accusation. *State v. Randall,* 107 Wash. 695, 182 Pac. 575; *State v. Ramos,* 159 Wash. 599, 294 Pac. 223; *State v. Dickert,* 194 Wash. 629, 79 P. (2d) 328. Appellant does not question the validity of this general rule, but claims that it has no application to the present case, because the word "reckless," in his view, is too all-inclusive and indefinite properly to apprise an accused of the nature of the accusation against him. He argues that, by the mere allegation in the information that he was operating his vehicle in a reckless manner, he was not advised in any particular as to what he would be required to meet on trial; that this statement might have been used to justify the admission of evidence to prove that he was speeding, or driving on the wrong side of the road, or driving with defective lights or brakes, or derelict in any number of other ways.

Appellant's argument is not without merit, and there are cases from other jurisdictions which appear to sustain his position; for example, *People v. Maki,* 245 Mich. 455, 223 N. W. 70; *People v. Green,* 368 Ill. 242, 13 N. E. (2d) 278, 115 A.L.R. 348; *State v. Gilbert,* 89 N. H. 134, 194 Atl. 728. On the other hand, a number of courts have taken the opposite view and have held that an allegation that a defendant, charged with a crime of the sort with which we are here concerned, operated his automobile in a "reckless" manner, is, when couched substantially in the language of the statute, sufficiently specific to inform him as to the nature of the offense charged against him, and adequate to enable him to meet the charge. *State v. Mills,* 52 Nev. 10, 279 Pac. 759; *State v. Bolsinger,* 221 Minn. 154, 21 N. W. (2d) 480; *Gutierrez v. State,* 44 Ariz. 114, 34 P. (2d) 395.

In considering this matter, however, we are not without guideposts among the precedents available from our own jursidiction. In *State v. Hull,* 182 Wash. 681, 48 P. (2d) 225, the defendant had been charged with operating his automobile in a "reckless" manner in an information which, in this respect, was based on Rem. Rev. Stat., § 6362-45 (since repealed), wherein it was made unlawful for any person to drive a motor vehicle in a reckless manner over and along the public highways of this state. It is true that the statute in question defined "reckless driving"; but it defined it merely as "the operation of a motor vehicle upon the public highways of this state in such a manner as to endanger or inconvenience unnecessarily other users of such highway." This definition is scarcely more explicit than the term "reckless driving" itself, and would be of no assistance to one who claimed to be in doubt as to the particular manner in which his driving had allegedly been reckless. Nevertheless, we held that, though the information was not as specific as it should have been, this did not mean that it was not sufficient; and that the charge in question, though meagre, was not fatal.

Our statute requires that an information must contain:

". . . A statement of the acts constituting the offense, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." Rem. Rev. Stat., § 2055 [P.P.C. § 132-5].

This information charged that the appellant operated his automobile while intoxicated; that he did so in a reckless manner, with disregard for the safety of others; that as a result he collided with another automobile, causing the death of Joy Green. The work "reckless," as used in this context, does not imply the violation of any one particular rule of the road; it is merely descriptive of the general way in which the accused was driving, and does no more than indicate, as the court charged the jury, "the operation of a motor vehicle in a heedless, careless or rash manner or in a manner indifferent to consequences."

■ We do not think the charge of operation of a motor vehicle in a "reckless" manner so impossibly vague that a person of common understanding cannot comprehend what he must establish in·order to defend himself against it. To meet such a charge, he need only show, or attempt to show, that he was driving in a careful, prudent, and law-abiding fashion. Surely, this places no insuperable burden upon him. Conceding that a model of pleading might well have set forth in detail evidence tending to establish the reckless character of the driving of the accused; still, in view of the language of the statute, we are not of the opinion that a recital of such evidence was necessary, or that appellant in this case was in any way prejudiced by reason of its omission.

■ Appellant next contends that the information charges other offenses in addition to negligent homicide. The language used conforms quite closely to the wording of Rem. Rev. Stat., Vol. 7A, § 6360-120, which, as we have shown, defines this crime, and there can be little serious doubt that it was based thereon. Appellant argues, however, that, by the employment of the words "knowingly" and "feloniously," the information charged first and second degree murder as well as negligent homicide. Now, plainly, we are not concerned with the word "knowingly," which, as employed in the charge, modifies only the accusation that appellant drove his car under the influence of liquor, and indicates that he was aware that he was doing so. As for the word "feloniously," it is true that this term is used to describe the manner in which the appellant killed Joy Green; but the premeditation which is a necessary element of the crime of first degree murder cannot possibly be inferred from its use.

■ Whether the criminal intent which is required for a charge of second degree murder is comprehended by the word "feloniously" is, superficially at least, a more interesting question. Criminal intent may sometimes be inferred from the use of "felonious" or "feloniously" in indictments or informations, as a glance at 16 Words and Phrases (Perm. ed.) 420 will suffice to show. On the other

hand, the same reference reveals that the use of these words may have no other function than to designate the offense described as a felony; and, as respondent notes, they are often employed in this sense in informations prepared in this jurisdiction. When count I of the information involved in the present inquiry is read and considered as a whole, particularly with reference to Rem. Rev. Stat, Vol. 7A, § 6360-120, there can be little doubt that there is no purpose expressed therein to charge the appellant with any design to effect the death of Joy Green; and, this being the case, one of the essential requisites of the crime of second degree murder is lacking.

Appellant also asserts that this information charged him with manslaughter. It is quite true that the facts alleged would have supported such a charge. This, however, arises from the circumstance that manslaughter is broadly defined in Rem. Rev. Stat., § 2395, as any homicide, not being excusable or justifiable, other than those specified in §§ 2392 (first degree murder), 2393 (second degree murder), and 2394 (killing in a duel).

In situations such as are presented by the instant case, the negligent homicide and manslaughter statutes would seem to be concurrently applicable. But this coincidence did appellant no injury. If he was not found guilty of negligent homicide, he could not have been found guilty of manslaughter, since the information charged the latter crime only in so far as it charged the former. No facts were alleged, in other words, which would have justified a conviction for manslaughter but not for negligent homicide. And even assuming that, in spite of the plain purpose of the information to charge the defendant with negligent homicide in accordance with the terms of Rem. Rev. Stat., Vol. 7A, § 6360-120, he had been convicted of manslaughter, no harm would have been done him, for the penalty prescribed is identical in both negligent homicide and manslaughter statutes. Compare Rem. Rev. Stat., Vol. 7A, § 6360-120, with Rem. Rev. Stat., § 2395 [P.P.C. § 117-11].

It is next contended that the offenses of negligent homi-

cide and failure to stop and identify after an accident have been improperly joined. Rem. Rev. Stat., § 2059 [P.P.C. § 132-13], provides, in part, as follows:

"When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts; . . ."

It will be seen that the statute is in the disjunctive, and provides for several different contingencies the occurrence of any of which may justify the joining of several charges in one information.

■ It is perfectly apparent that the two offenses with which appellant is charged here involve two or more acts connected together, and thus that they were properly joined under this statute. *State v. McMahon,* 145 Wash. 672, 261 Pac. 639. It was not necessary to allege separately that these two acts were in fact connected together, for that appears clearly and unmistakably from the language of the two counts, and such an allegation would have been entirely superfluous. *State v. McCourt,* 157 Wash. 499, 289 Pac. 41, and *State v. Barry,* 166 Wash. 379, 7 P. (2d) 11, where such a connection did not appear, do not, in consequence, apply.

Appellant's final contention is that, since the enactment of Rem. Rev. Stat. (Sup.), Vol. 7A, § 6360-118½, there is no longer any offense of negligent homicide. This section provides that operating a vehicle in a negligent manner shall be punishable as a misdemeanor, and appellant states in his brief:

"It is to be noted under this last statute that negligent driving is not a felony but is only a misdemeanor, and, therefore, being only a misdemeanor negligent homicide is not a felony."

■ There are several answers which might be made to this engaging argument; but the one which comes most

quickly to mind is that Rem. Rev. Stat., Vol. 7A, § 6360-120, deals with negligent *homicide,* a crime which may be committed when the death of any person is brought about as a result of the "operation of any vehicle in a reckless manner or with disregard for the safety of others"; while Rem. Rev. Stat. (Sup.), Vol. 7A, § 6360-118½, deals with negligent *driving,* an offense committed when a vehicle is operated "in such a manner as to endanger or be likely to endanger any persons or property." The two are entirely unrelated. Because negligent driving is a mere misdemeanor obviously does not mean that negligent homicide cannot be a felony.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, GRADY, and HAMLEY, JJ., concur.

'Reported in 227 P. (2d) 739.