[No. 20657.  *En Banc.*  November 2, 1927.]

THE STATE OF WASHINGTON, *Respondent,* v. SIDNEY BRUNN, *Appellant.*[1]

[1] STATUTES (72)—CONSTRUCTION—STATUTES ADOPTED FROM OTHER STATE OR COUNTRY. Rem. 1927 Sup., § 2059, authorizing the joinder of several charges, (1) growing out of the same transaction, (2) two or more acts or transactions connected together, and (3) two or more acts or transactions of the same class of crimes that may be properly joined, having been adopted from an identical Federal act, which had for many years been uniformly construed by the Federal courts to be valid, and to authorize the joinder of distinct offenses in a proper case, must be held to have been adopted with that construction.

[2] INDICTMENT AND INFORMATION (72) — DUPLICITY — CHARGING OR JOINING DIFFERENT OFFENSES. Rem. 1927 Sup., § 2059, authorizing the joinder of several charges, (1) growing out of the same transaction, (2) two or more acts or transactions connected together, and (3) two or more acts or transactions of the same class of crimes that may be properly joined, authorizes the joinder of counts covering distinct offenses of the same class, closely connected in point of time, in which the proof to a considerable extent tending to support one charge would be admissible in support of others, where the counts all affect the same parties, and where such joinder does not unduly embarrass accused or deprive him of any substantial right (overruling on rehearing Id., 144 Wash. 341, 258 Pac. 13).

Appeal from a judgment of the superior court for King county, Frater, J., entered November 16, 1926, upon a trial and conviction of forgery.  Reversed.

*Adam Beeler* and *John J. Sullivan,* for appellant.

*Ewing D. Colvin,* for respondent.

ON REHEARING.

TOLMAN, J.—This case was heretofore heard by a Department of this court, and the opinion will be found in 144 Wash. 341, 258 Pac. 13, to which reference is made for a statement of the facts and issues.

[1]Reported in 260 Pac. 990.

Upon the principal question of the joinder of counts, and the construction to be placed on chapter 109, Laws of 1925 (Ex. Sess.) p. 168; Rem. 1927 Sup., § 2059), the appellant cited three authorities from common-law states; and the respondent was content to review those authorities with a view of distinguishing them upon the facts, and to rely upon what was thought to be a waiver of the point by the appellant. If, either in the briefs or on oral argument, anything was said which should have called our attention to what is now presented, it was so obscure as to entirely escape our notice.

By the petition for a rehearing, joined in by several prosecutors from other counties, we were, for the first time, informed that our statute was taken, almost word for word, from a Federal statute enacted in 1853, and which has been construed by the Federal courts in many cases. The Federal statute reads:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated." Title 18, Criminal Code and Criminal Procedure, of the United States Code, § 557 (Mason's U. S. Code, Ann.).

Columns of annotations are given by Mason, citing the numerous cases in the Federal courts where the statute has been mentioned or construed. It will be observed that, except to pluralize it and to insert the word "informations" in addition to the word "indictments," our statute follows the Federal in exact form.

[1] It is a familiar rule requiring no citation of

authority that statutes adopted from other jurisdictions, which have been construed by the proper authority before such adoption, will be considered as adopted with the construction already placed upon them, and it seems necessary to inquire only as to what the Federal courts have said.

In *Pointer v. United States,* 151 U. S. 396, 38 L. Ed. 208, Mr. Justice Harlan said:

"Although the two murders in question are alleged to have been committed by the defendant on the same day, and in the same county and district, it does not affirmatively appear from the indictment that they were the result of one transaction, or that they were 'connected together.' But the indictment does show upon its face that the two offenses are of the same class or grade of crimes, and subject to the same punishment. Could both crimes properly be joined in one indictment, in separate counts? The statute does not solve this question, but leaves the court to determine whether, in a given case, a joinder of two or more offenses in one indictment against the same person is consistent with the settled principles of criminal law. If those principles permit the joinder of two or more felonies in the same indictment, in separate counts, then the joinder in question here was proper. . . .

"While recognizing as fundamental the principle that the court must not permit the defendant to be embarrassed in his defense by a multiplicity of charges embraced in one indictment and to be tried by one jury, and while conceding that regularly or usually an indictment should not include more than one felony, the authorities concur in holding that a joinder in one indictment, in separate counts, of different felonies, at least of the same class or grade, and subject to the same punishment, is not necessarily fatal to the indictment upon demurrer or upon motion to quash or on motion in arrest of judgment, and does not, in every case, by reason alone of such joinder, make it the duty of the court, upon motion of the accused, to compel the prosecutor to elect upon what one of the charges he will go to trial. The court is invested with such dis-

cretion as enables it to do justice between the government and the accused. If it be discovered at any time during a trial that the substantial rights of the accused may be prejudiced by a submission to the same jury of more than one distinct charge of felony among two or more of the same class, the court, according to the established principles of criminal law, can compel an election by the prosecutor. That discretion has not been taken away by section 1024 of the Revised Statutes. On the contrary, that section is consistent with the settled rule that the court, in its discretion, may compel an election when it appears from the indictment, or from the evidence, that the prisoner may be embarrassed in his defense, if that course be not pursued.

"In the present case, we cannot say from anything on the face of the indictment that the court erred or abused its discretion in overruling the defendant's motion to quash the indictment or his motions for an election by the government between the two charges of murder. The indictment showed that the two murders were committed on the same day, in the same county and district, and with the same kind of instrument. These facts alone justified the court in forbearing, at the beginning of the trial, and before the facts were disclosed, to compel an election by the prosecutor between the two charges of murder. When, however, the evidence was concluded—indeed, as soon as the defendant testified in his own behalf—the wisdom of the course pursued by the court became manifest; for it appeared that the two murders were committed at the same place, on the same occasion, and under such circumstances, that the proof in respect to one necessarily threw light upon the other. The accused and the two men alleged to have been murdered were companions in traveling, and were together, in camp, at the place where the killing occurred. The killing of Vandiveer immediately preceded that of Bolding. There was such close connection between the two killings, in respect of time, place, and occasion, that it was difficult, if not impossible, to separate the proof of one charge from the proof of the other. It is, therefore, clear that the accused was not confounded in his defense by

the union of the two offenses of murder in the same indictment, and that his substantial rights were not prejudiced by the refusal of the court to compel the prosecutor to elect upon which of the two charges he would proceed.''

In *Williams v. United States*, 168 U. S. 382, 42 L. Ed. 509, the same Justice said:

''It is assigned for error that the district court consolidated the two cases, and tried them at the same time and by the same jury. This objection is without merit. By § 1024 of the Revised Statutes it is provided: 'When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated.' The accused having been charged with different acts or transactions 'of the same class of crimes or offenses,' it is scarcely necessary to say that the transactions referred to in the indictments, being of the same class of crimes, could properly, that is, consistently with the essential principles of criminal law, be joined in one indictment against a single defendant without embarrassing him or confounding him in his defense. *Pointer v. United States*, 151 U. S. 396, 400 [38: 208, 211]. The plaintiff in error cites *McElroy v. United States*, 164 U. S. 76 [41: 355], as sustaining his objection to the consolidation. This is a misapprehension. The inquiry in that case was 'whether counts against five defendants can be coupled with a count against part of them or offenses charged to have been committed by all at one time can be joined with another and distinct offense committed by part of them at a different time.' It was held that the statute did not authorize that to be done. The Chief Justice, speaking for the court, said: 'It is clear that the statute does not authorize the consolidation of indictments in

such a way that some of the defendants may be tried
at the same time with other defendants charged with
a crime different from that for which all are tried.'
Here, the indictments were against the same person,
the offenses charged were of the same kind, were prov-
able by the same kind of evidence, and could be tried
together without embarrassing the accused in making
his defense.

"If the offenses could be joined in one indictment,
it would follow, under the statute, that separate indict-
ments could, in the discretion of the court, be con-
solidated and tried at the same time and before the
same jury. Nothing in the record shows that the con-
solidation of these cases worked or could have worked
any prejudice to the defendant."

Justice Harlan also stated the same rule in *Ingraham
v. United States*, 155 U. S. 434.

These cases, with the *McElroy* case referred to and
distinguished in the quotation just given from the *Wil-
liams* case, seem to be the only expressions by the
supreme court which are in point; and rather than
being a construction that the statute authorizes such
joinders, seem to be to the effect that the joinders
were and are permissible, notwithstanding the statute.
In other words, if we comprehend the language used,
it is to the effect that such joinders were permissible
at common law before the statute was enacted.

The circuit court of appeals for the eighth circuit,
in *Dolan v. United States*, 133 Fed. 440, decided in
1904, seems, for the first time, to hold that the Federal
statute authorizes such joinders. The court said:

"The first assignment of error challenges the order
of the court consolidating the indictments. It would
be difficult, however, to conceive of a case coming more
properly within section 1024 of the Revised Statutes
than the case under consideration. The indictments
present charges against the defendants which appear
to be for 'the same act or transaction,' or at least, 'for

two or more acts or transactions connected together,' and certainly 'for two or more acts or transactions of the same class of crimes or offenses.' It is contended, however, by counsel for the defendants, that all these early provisions of section 1024 are limited and qualified by the clause 'which may be properly joined,' and that we must look to the common law to ascertain whether the joinder is proper or not. We do not accept this construction of the statute. Section 1024 [U. S. Comp. St. 1901, p. 720] was intended to abrogate the technical rules of the common law on the subject with which it deals. The clause 'which may be properly joined' simply vests in the trial court a sound discretion in deciding whether a fair and impartial trial would be prevented by a joinder, notwithstanding the same would be permitted by one or more of the clauses mentioned in the first part of the section. There are often circumstances which would render a uniting of several offenses unjust to a defendant, and, as the old cases put it, 'confound him in the making of his defense.' Whenever such a situation arises, the trial court will protect the defendant's right to a fair trial.

" 'Whether the joinder was calculated to embarrass the prisoner, and, therefore, the offenses not "properly joined," within the meaning of the statute, was a question to be determined by the judge, in his discretion, on a motion to quash or to compel an election.' *United States v. Bennett,* Fed. Cas. No. 14,572.

"It is urged by counsel for the defendants that, 'if the argument in support of the consolidation be observed to its ultimate consequence, you may consolidate two indictments for murder—one of A. and the other of B.' And this is presented as a persuasive reason why the consolidation allowed was improper; but the Supreme Court, in the case of *Poindexter v. United States,* 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208, sanctioned the joining in one indictment of two counts charging the murder of different persons. The opinion in that case amply justifies the practice of the trial court. See, also, *Williams v. United States,* 168 U. S. 382, 390, 18 Sup. Ct. 92, 42 L. Ed. 509."

The same court held to the same rule as late as 1925, as shown by its opinion in *Edwards v. United States,* 7 Fed. (2d) 598.

The circuit court of appeals, sixth circuit, in *Chadwick v. United States,* 141 Fed. 225, reached the same result. It was there said:

"Where two or more criminal acts are connected together, or are transactions of the same class of crime or offense, they may be joined in one indictment in separate counts, instead of having several indictments. Rev. St., § 1024 [U. S. Comp. St. 1901, p. 720].

"When this is done, the court, if it sees that the defense of the accused may be seriously embarrassed, may require the government to elect upon which of the counts it will proceed. But, even when there is a joinder of felonies, the court is not under any absolute duty to require an election upon motion of the defendant. This question of election must depend upon the circumstances of the particular case, and is one requiring the exercise of a considerable degree of discretion by the trial judge. If it does not appear that any substantial right of the defendant may be prejudiced by the submission to the same jury of more than one distinct accusation, according to the orderly methods of a court of justice, it should not compel an election and thus cause repeated trials of offenses of the same class."

The circuit court of appeals, fifth circuit, appears to have held likewise in *Gardes v. United States,* 87 Fed. 172, and in *Harris v. United States,* 8 Fed. (2d) 841. In the latter case, it was said:

"WALKER, Circuit Judge. The plaintiff in error was convicted on 11 of the 21 counts of the indictment, each charging a violation of section 117 of the Criminal Code (Comp. St. § 10287), either in that the accused, while a federal prohibition agent, accepted a bribe, or offered to accept a bribe with intent to have his official conduct influenced in the stated proceedings pending before him in his official capacity. The several offenses

charged were alleged to have been committed on dates stated; the earliest on February 15, 1924, and the latest on May 10, 1924. Before the accused was arraigned, the court overruled a motion to quash the indictment and a demurrer thereto, on the grounds that it improperly joined different offenses in separate counts, and that it joined different offenses or crimes not connected nor growing out of the same act or transaction.

"The statute (R. S. § 1024 [Comp. St. § 1690]) permits the joining in one indictment in separate counts of charges against any person for two or more acts or transactions of the same class of crimes or offenses. The indictment against the accused shows upon its face that the several offenses charged are of the same class or grade of crimes, and it did not disclose that the charges made could not be properly joined. Both the motion and the demurrer challenged the indictment as a whole. Neither the one nor the other invoked the exercise by the court of its discretion to require the government to elect certain counts on which it would seek conviction, on the ground that a trial on all the charges made would prejudice the accused or unduly embarrass him in making his defense. The indictment as a whole was not subject to be quashed or to a demurrer on the above-mentioned grounds. *Williams v. United States,* 168 U. S. 382, 18 S. Ct. 92, 42 L. Ed. 509; *Milner v. United States,* (C. C. A.) 293 F. 590; *Gardes v. United States,* 87 F. 172, 30 C. C. A. 596."

The seventh circuit held to the same effect in *Slick v. United States,* 1 Fed. (2d) 897.

In *Robinson v. United States,* 288 Fed. 450, the court of appeals for the District of Columbia, in brief words, lays down the same rule, though the facts there indicate a possible connection between the acts charged.

The circuit court of appeals, ninth circuit, in *Foster v. United States,* 11 Fed. (2d) 100, held:

"There is no merit in the assignment that the counts were improperly joined in the indictment. The crimes charged were of the same class, and under section 1024 of the Revised Statutes (Comp. St. § 1690)

joinder in one indictment in separate counts was proper. *Perez v. United States* (C. C. A.) 10 F. (2d) 352, Feb. 8, 1926."

There are almost innumerable other cases in which the question is mentioned and a direct answer evaded, or in which it has been assumed that the United States supreme court has decided the question in the cases from that court to which we have above referred, or in which the broad rule is announced, though the facts might well be held such as to cause the case to come within one of the first two grounds stated in the statute. No good, perhaps, would be served by attempting to cite and analyze all of those cases. It is sufficient to say that, in the main, they tend to lend support to the respondent's position in this case.

The only lack of harmony in the Federal decisions (if it be such) is to be found in some language used in the *McElroy* case, cited in the *Williams* case, *supra*, and in *De Luca v. United States,* 299 Fed. 741, and *Beaux Arts Dresses v. United States,* 9 Fed. (2d) 531 both of which were decided by the circuit court of appeals for the second circuit. In the first of these cases (decided but a few months before we adopted the statute), there was an indictment for conspiracy against the plaintiff in error and seven others, and another indictment, under the Harrison act, against the plaintiff in error and three others. The court said:

"Each indictment was against a definite group. Although it appears that certain of the defendants were members of both groups, others were not, and therefore the groups were distinct. The statute refers to several charges, which shall be against the same person, and when the charges are against more than one person, there can be no consolidation by the court, unless all the defendants are identical in all the indictments. In the *McElroy* case, *supra,* a similar question

was presented, and it was held that where several charges were made in four indictments, not against the same persons, and which were consolidated, the conviction after such consolidation could not be sustained. . . .

"On the facts which are stated to constitute a crime in the indictment by the grand jury, these could not be consolidated in a single bill. It is a general rule that the counts for several felonies of the same general nature, requiring the same general punishment, may be joined in the same indictment, subject to the power of the court to quash the indictment or to compel an election; but such joinder cannot be sustained, where the parties are not the same, or where the offenses are in no wise parts of the same transaction, and must necessarily depend upon evidence of a different statement of facts as to each or some of them. Where different acts are provable by the same evidence, so that it is not possible to separate the proof of one from the proof of the other, they may be said to be connected. But there must be such connection in respect of time, place, and occasion that it would be difficult, if not impossible, to separate the proofs of one charge from the proofs of the other. *Pointer v. United States*, 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208.

"But in the instant case the evidence which proved the conspiracy did not prove the sale. The conspiracy charged was to defraud the United States of the import duties; the transaction in the other case was the sale of opium. One group of men was charged with conspiracy to defraud the United States customs duties, while the other was charged with the sale of a quantity of opium. As the trial progressed, it was argued by the defendant in error that the sale of the opium to some Chinaman was an overt act in furtherance of the conspiracy. But the conspiracy indictment does allege as overt acts the delivery of the opium, the subject of the sale under the Harrison Act indictment. However, the overt act must be one which tends to further the conspiracy. If not, it is not an overt act, no matter what it may be called. It is the character of the act which is the determining factor and classi-

fies it. It is not the name which it may be called. The object of the conspiracy charge was obtained as soon as the opium was out of the bonded warehouse. It was then that the government's lien on the opium was gone. It had been defrauded, and the conspiracy was ended. No act can further the conspiracy which transpires after the end of the conspiracy. *Feder v. United States,* 257 Fed. 694, 168 C. C. A. 644, 5 A. L. R. 370; *Lonabaugh v. United States,* 179 Fed. 476, 103 C. C. A. 56.

"This overt act of sale, as alleged and as pleaded in the indictment, was not in furtherance of the conspiracy to defraud the customs duties. Furthermore, it appears from the record that the sale of 102 pounds of opium was wholly distinct and apart from the conspiracy. The 102 pounds which were sold as proven did not come from the 20 cases. We are satisfied that the two crimes were wholly distinct from each other. They were conceived and perpetrated at different times. While both groups of the defendants might be said to have a similar general purpose in view of trafficking unlawfully in narcotics, this does not justify the consolidation of the charges into one bill and a trial thereof at one time. The only exercise of discretion in permitting consolidation of indictments relates to those which could lawfully have been joined in separate counts in one indictment by the grand jury. The court's discretion is to determine whether the interest of justice will be furthered by consolidating such indictments; but where the accusations could not have been charged in one indictment by the grand jury, they cannot be consolidated by the court."

In the *Beaux Arts Dresses* case (decided after our adoption of the statute), the court said:

"Todd, one of the defendants below, argued that this judgment should be reversed because error was committed in failing to dismiss the indictment because of a misjoinder of offenses charged. This defendant below was acquitted by direction of the court on the first count and by the jury's verdict on the third count. He stands convicted on the second count only. The

question of misjoinder of offenses was raised at the opening of the trial, and the motion was renewed at the end of the government's case, and again when the defendants below rested. In each instance the motion was denied. The question of law thus presented was sufficiently raised. The rule governing the joinder of several charges in one indictment is stated in section 1024 of the Revised Statutes (Comp. St. § 1690), which provides that, when there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses which may be properly joined, instead of having several indictments the whole may be joined in one indictment on separate counts, and if two or more indictments are found in such cases the court may order them to be consolidated.

"There are two classes of crimes that can be thus joined: (1) Where the same act constitutes two or more crimes; and (2) where the crimes are so connected in respect of time, place, and occasion that it would be difficult, if not impossible, to separate the proofs of one charge from the proofs of the other. . . .

"What we said in the *De Luca* case, *supra,* is controlling here. There we held an indictment fatal which charged a conspiracy to defraud the United States of duties on opium, and also in another count charged the offense of unlawfully selling opium. The charge of using the mails here involves the sending of a false financial statement. The mailing of such statement could not be in furtherance of a conspiracy to conceal assets from the trustee, or of the substantive offense of actually concealing assets. The third count of the indictment was improperly joined with the first and second, and under *McElroy v. United States,* 164 U. S. 80, 17 S. Ct. 31, 41 L. Ed. 355, and *De Luca v. United States,* 299 Fed. 741, there was a misjoinder."

It may be that these last cases no more than show the limitations and exceptions to the rule, since the parties were not the same in each count. Indeed, when they are considered in connection with the *McElroy*

case, it seems almost conclusive, notwithstanding the broad language used, that the distinction lies in the fact that the several charges were not common to all of the defendants. But however that may be, and though Mr. Justice Harlan, in the first three cases cited, did not undertake to say that the statute authorized a joinder of certain offenses of the same class, yet the Federal courts seem to have so assumed, definitely and with practical unanimity, long prior to the enactment of our statute. Their judgments were based upon that assumption and were permitted to become final; and when, in 1925, our legislature was considering the subject, it must be presumed that it acted in the belief that the Federal statute had been construed to authorize the joining of two or more charges of the same class of crimes against the same person or persons.

True, the supreme court of Colorado, as early as 1893, construed a similar statute of that state as we construed ours in the Departmental opinion. *Cummins v. People*, 4 Colo. App. 71, 34 Pac. 734. And many cases holding such joinders improper might be cited from states where the common law rule prevails, but we are not now concerned with the rule at common law.

*Amicus curiae* suggests that prior constructions of constitutional provisions or statutes adopted from another state, while persuasive, are not conclusive unless sustained by reason, citing *State ex rel. Brislawn v. Meath*, 84 Wash. 302, 147 Pac. 11. Very true; and it is also true that we have found no reasoning in the Federal cases which particularly appeals to us. Yet, as is here shown, the Federal courts have, for the space of an ordinary lifetime, consistently followed a definite rule, prior to our adoption of the Federal statute, and we cannot hold that our legislature did not intend to adopt that construction.

[2] We can and do hold, however, that the rule must never be so applied as to unduly embarrass or prejudice one charged with crime, or deny him a substantial right. The language of Mr. Justice Harlan, in the *Pointer* case, as hereinbefore quoted, is recommended to the study of all those concerned with the trial of causes where such joinders are involved.

In this case, the twenty-six counts cover offenses of the same class, closely connected in point of time, and apparently to a considerable extent proof tending to support one charge would be admissible in support of others. We have no disposition to enlarge the Federal rule, but this case falls well within it.

We conclude that the Departmental opinion is erroneous, in so far as the construction of the statute is concerned; but the judgment was rightly reversed because of the rejection of competent and proper evidence, as therein stated.

Therefore, the judgment is reversed, and the cause remanded for a new trial.

All concur.