[No. 26440. Department One. April 26, 1937.]

THE STATE OF WASHINGTON, *Respondent*, v. LYLE J. FICKLIN, *Appellant*.[1]

*Sheppard & Phillips, Willis Potter*, and *Roswell J. Quinn*, for appellant.

*Shirley Marsh, Jerard Imus*, and *Ronald Moore*, for respondent.

MAIN, J.—The defendant was tried upon an information which contained two counts. The first count charged him with the crime of sodomy committed upon the person of one John Steham. Count two charged the crime of attempted sodomy on the person of one Harold G. Scull. The defendant pleaded not guilty as to both counts. The case came on for trial

[1]Reported in 67 P. (2d) 897.

before the court and a jury, and at the close of the state's case the defendant moved for a dismissal of Count two, for the reason that the evidence in support of that count was not sufficient to take the question to the jury. This motion was denied.

Thereafter the trial proceeded in the regular manner, and the jury returned a verdict finding the defendant guilty of attempted sodomy on Count one, and guilty as charged in Count two. The defendant moved for a new trial on both counts. The court sustained the motion as to Count two and granted a new trial, and denied the motion as to Count one. From the judgment entered, the defendant appeals, and makes three assignments of error: (a) in denying the motion for new trial as to Count one; (b) in admitting the testimony of the witness William Darnell; and (c) in refusing to grant the appellant's motion for dismissal of Count two.

Assignments one and two will be considered together, because, if the appellant is entitled to a new trial upon that count, it is because of the admission of the testimony of the witness, William Darnell.

In proving its case, the state first offered its evidence in support of Count one, which was the count charging the crime of sodomy. After this, it offered the testimony in support of Count two, which was the charge of attempted sodomy. The first witness called in support of Count two was Harold G. Scull, the complaining witness. In the course of his testimony, he stated that the day following the occurrence, for which the appellant was being tried on that count, he complained to Darnell. After the conclusion of Scull's testimony, Darnell was called as a witness, and, in the course of his examination, testified that Scull had made a complaint to him. He was then asked to state what Scull had said. This was first admitted and then stricken,

with instruction to disregard the testimony. Upon cross-examination of Darnell, he was asked, by counsel for the defendant, whether he "engendered" some feeling against the appellant, and stated that he did. Following this, on re-direct examination, the prosecuting officer asked him to state what Scull had said, and, over objection, he was permitted to do so. This occurred:

"Q. Just tell in your own words, using your own words. A. He tried to play with my penis, just as I have told."

It is this testimony that the appellant claims prejudices him, not only as to Count two, but also as to Count one.

The appellant did not at the time move the court to require the state to elect upon which of the counts it would proceed. The question now is whether, having failed to ask that the state so elect, he can raise the question after verdict.

Rem. Rev. Stat., § 2059 [P. C. § 9272], provides that, when there are several charges against a person for the same act or transaction, or two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses,

". . . which may be properly joined, instead of having several indictments or informations, the whole may be joined in one indictment, or information, in separate counts; . . . "

That statute was taken almost word for word from a Federal statute enacted in 1853, which had been construed by the Federal courts in many cases when the statute of this state was enacted. It has been held by this court that, when the legislature adopted the

Federal statute, it adopted the construction placed upon it by the Federal courts.

In *State v. Brunn,* 145 Wash. 435, 20 Pac. 990, it was said:

"It is a familiar rule requiring no citation of authority that statutes adopted from other jurisdictions, which have been construed by the proper authority before such adoption, will be considered as adopted with the construction already placed upon them, and it seems necessary to inquire only as to what the Federal courts have said."

The case of *State v. Tranchell,* 164 Wash. 71, 2 P. (2d) 64, is to the same effect.

We now come to the question of whether, under the Federal practice, an accused, being tried on an indictment containing two or more counts of the same class, may, after verdict, raise the question that by reason of such joinder he was prejudiced.

In *Logan v. United States,* 144 U. S. 263, 12 S. Ct. 617, upon this question it was said:

"Having gone to trial, without objection, on the indictments as consolidated under the last order of the court, it was not open to any of them to take the objection for the first time after verdict."

In the case of *Pointer v. United States,* 151 U. S. 396, 14 S. Ct. 410, it was said:

"If it be discovered at any time during a trial that the substantial rights of the accused may be prejudiced by a submission to the same jury of more than one distinct charge of felony among two or more of the same class, the court, according to the established principles of criminal law, can compel an election by the prosecutor."

And further in the same opinion it is said:

"We have already said that, if in the progress of the trial it appeared that the accused might be embar-

rassed or confounded in his defence, by reason of being compelled to meet both charges of murder at the time, and before the same jury, it was in the power of the court, at any time before the trial was concluded, to require the government to elect upon which charge it would seek a verdict."

As already pointed out in this case, the appellant did not move, during the trial, to require the state to elect upon which count it would proceed, and, having failed to do this, the question was not open to him after verdict.

█ Upon the second count, that of attempted sodomy, upon which the defendant was convicted and the court granted a new trial, we shall only consider whether the evidence was sufficient, upon that count, to go to the jury.

Rem. Rev. Stat., § 2456 [P. C. § 8768], provides that:

"Every person . . . who shall carnally know any male or female person by the anus . . . shall be guilty of sodomy. . . ."

Section 2264 [P. C. § 8699] provides that:

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime; . . ."

The evidence by Scull in support of Count two, upon direct examination, was as follows:

"We went to bed and Mr. Ficklin tried to take hold of my penis, and I told him to cut it out and he didn't, so I pushed him away, . . ."

Upon cross-examination, the witness gave substantially the same testimony. There is no other evidence supporting the charge of attempted sodomy, and, without further elaboration, we are of the opinion that the evidence was not sufficient to show an attempt to carnally know the complaining witness "by the anus."

The judgment upon the first count will be affirmed, and upon the second count it will be reversed, with direction to the trial court to enter a judgment dismissing that count.

STEINERT, C. J., MILLARD, BLAKE, and GERAGHTY, JJ., concur.