[No. 37377.   Department Two.   December 3, 1964.]

THE STATE OF WASHINGTON, *Appellant*, v. ROBERT FRANKLIN RAMEL, *Respondent*.*

*Charles O. Carroll* and *David L. Williams,* for appellant.

*Clay Nixon* (*Anthony P. Wartnik,* of counsel), for respondent.

HILL, J.—The defendant, Robert Franklin Ramel, went to trial on five counts of indecent exposure. The first two counts related to the same incident; the others related to separate incidents.

*Reported in 396 P. (2d) 988.

The defendant was acquitted on counts 1, 2, and 3, and found guilty on counts 4 and 5. The defense as to each count was an alibi.

The defendant filed a "MOTION FOR JUDGMENT NOTWITH-STANDING THE VERDICT OF THE JURY OR FOR A NEW TRIAL AS TO COUNTS 4 AND 5," supported as to count 5 by an affidavit from a newly discovered alibi witness.

The trial court granted a new trial as to counts 4 and 5. The only reasons given therefor were in the order itself and are as follows:

" . . . the Court having heard arguments of counsel and being fully advised in the premises and find that in part particularly that the newly discovered witness and affidavit therefrom appears to have material testimony which, if believed by the jury, would establish an alibi as to count 5, and that if this had been so considered by the jury on trial, more than a reasonable doubt exists as to conviction on count 5, or on count 4; further that the joinder of 5 counts of an offense similar in nature, but only 2 counts of which related to the same incident, created a prejudice in the minds of the jury combined with the evidence supra as to deprive defendant of a fair trial, and that the decision of defendant's attorney to try the case in joinder, on his theory, was excusable in any event; that justice requires a new trial on the two counts 4 and 5 on which conviction was had, defendant having been acquitted on counts 1, 2 and 3; . . ."

The state appeals from the order granting a new trial as to counts 4 and 5, and it is entitled so to do; Rule on Appeal 14(8), subsection 4.

As to count 5, the trial court has made clear that the testimony of the newly discovered witness, if believed by the jury, would establish an alibi; and the trial court made clear, too, its belief that if this testimony had been available to the jury on the trial there would not have been a conviction on that count. The trial court's conclusion that justice requires a new trial on count 5 is supported by the reasons given, and we affirm that part of the order granting a new trial on that count.

The newly discovered witness and her testimony had no bearing on count 4. Each count must be considered

separately, and the court so instructed the jury. The trial court, in its order granting a new trial, suggested that the joinder of five counts in the information was prejudicial. Four incidents occurring within a very limited area, within a five month's period of time, and all following a common pattern clearly justified the joinder. The defendant made no protest until after the verdict, and thereby clearly waived any right to object. *State v. Ficklin* (1937), 190 Wash. 168, 67 P. (2d) 897.

As to count 4, the trial court stated no reason in fact or in law to support its conclusion that justice requires a new trial thereon; and we therefore set aside so much of the order appealed from as grants a new trial on count 4, and direct that the verdict be reinstated on that count and that judgment be entered thereon.

OTT, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.

February 4, 1965. Petition for rehearing denied.