[No. 40983.   Department Two.   May 20, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM FRANCIS OGLE, *Defendant,* ELMER H. O'NEIL, *Appellant.*[*]

*J. Hartly Newsum,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *James E. Anderson,* for respondent.

PER CURIAM.—Defendant appeals from his conviction in King County Superior Court. The jury in a general verdict found defendant guilty of armed robbery, and assault in the first degree. By special verdict the jury found defendant was armed with a deadly weapon at the time of the robbery.

Defendant's court-appointed counsel on appeal has sought to withdraw from the case; he contends that the record presents no issues meriting appeal. In accordance with *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), counsel filed a brief January 30, 1970,

[*]Reported in 469 P.2d 918.

setting forth the issues which could be grounds for appeal and simultaneously pointing out why he believed each to be frivolous. The state filed a short brief on February 9, 1970, agreeing with defense counsel's conclusions, and moved for dismissal of the appeal. Defendant was given until April 30, 1970, to file a brief in his own behalf; he did not do so.

The facts are these: defendant was charged, along with one William Francis Ogle, with having robbed a Seattle grocery store at gunpoint. The accused were tried in a joint trial over defendant's objections.

Proof at trial showed that defendant and his cohort entered the Pinehurst I.G.A. Grocery on November 11, 1968, brandishing drawn pistols. They forced one of the counter-boys to empty the cash registers and compelled all persons present to lie down in a room in the rear of the store.

As defendant and Ogle departed from the store, one Officer Allshaw appeared and seized Ogle from behind. Defendant fired at Allshaw who returned the fire and wounded defendant. At the same moment another officer approached the scene and, in the confusion, fatally wounded Officer Allshaw with gunfire.

Numerous witnesses identified defendant as one of the robbers inside the store and as one of the men wounded following the robbery.

Defendant has raised eight assignments of error. We have thoroughly reviewed the record and agree with counsel that the contentions are frivolous and dismiss the appeal.

Defendant claims that prior to trial he was denied bail, was not allowed to make a phone call, and was interrogated without being advised of his constitutional rights. None of these alleged incidents led to evidence proffered at trial; therefore, we find them not to be a source of error.

It has also been alleged that the trial court erred in refusing defendant's motion for a separate jury trial. The severance of a jointly tried case is left to the discretion of the trial judge. Neither defendant testified, nor were any confessions or admissions made by either defendant offered

as evidence. There was no abuse of the trial judge's discretion in denying the motion to sever the trial.

Defendant alleges that he was denied assistance of counsel at a coroner's inquest into the death of Officer Allshaw. He asserts that a coroner's inquest is a critical stage of the proceedings against an accused, and that the denial of counsel at the inquest rendered impossible the confrontation of witnesses who later appeared against him at trial.

This contention is without merit. A coroner's inquest is not a culpability-finding proceeding. It was not directed toward defendant, but at the officer whose shot killed Officer Allshaw. Defendant was not required to attend or participate in the inquest. His counsel received a copy of the transcript of the proceedings. We do not see how defendant's right to confront the witnesses against him was in any way violated by absence of defendant's counsel at the inquest.

Defendant's remaining assignments of error relate to the admission of certain evidence over objection, the denial of certain requested instructions, and the inadequacy of legal counsel. The record shows all three claims to be patently frivolous.

Appeal dismissed.