[No. 672-1.    Division One—Panel 2.    April 12, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. O'FLYNN WHITE, *Appellant*.

*Warner, Pierce & Peden* and *B. Gray Warner,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney, Edmund P. Allen* and *Charles E. Yates, Deputies,* for respondent.

FARRIS, A.C.J.—O'Flynn White was charged in an information filed on February 10, 1970, with three counts of

robbery, one count of attempted robbery and one count of murder in the first degree. He appeals from a judgment entered on a verdict of guilty on all counts.

All crimes were committed in King County. One robbery occurred February 11, 1969, and two others occurred March 3 of the same year. The counts of first-degree murder and attempted robbery arose out of one event that occurred March 16, 1969. Eyewitnesses testified that Mr. White participated in all crimes. Mr. White offered evidence which, if believed, placed him outside of King County at the time of the February 11 and March 3 robberies.

Mr. White admits being present in the Rainier Serve-U Market in Seattle on March 16. His version of the incidents of that evening differs sharply from testimony of other witnesses but it is not disputed that he was struggling with Harvey Avery, the manager of the store when his 14-year-old brother shot Mr. Avery twice with a .38 caliber pistol causing Mr. Avery's death.

Mr. White argues that he did not attempt to rob the store. Both parties agree that no direct request was made for money nor did Mr. White reach into the cash register or make any effort to remove money or items of value from the store.

The state introduced evidence which, if believed, established that Mr. White and his brother entered the store, purchased one box of potato chips, paid for it, left the item on the counter and when the cashier called to remind them, O'Flynn White pulled out a .45 caliber automatic and pointed it directly at the cashier's neck at a distance of some 12 inches. Harvey Avery, the manager of the store, who was standing nearby immediately grabbed the barrel of the gun and Mr. White's wrist, twisted it and pushed him back toward the baskets when they both fell. Shane White, O'Flynn White's brother, then fired two shots into Avery. The two brothers ran to a car which was parked not in the parking lot but around the corner from the store and in the street with two doors open and the motor running. Two other persons were in the car.

Mr. White's version of the incident indicated that he had the pistol because of threats on his life, that it slipped from its concealed place as he turned to recover the potato chips, that he attempted to secure it and Mr. Avery saw it, became excited and the struggle ensued. In any event, he argues, the fact that he made no demand for anything of value and made no effort to take anything precludes a finding of attempted robbery. If there was no felony, he argues, there can be no charge of first-degree murder against him because he did not do the shooting.

█ █   Although robbery includes elements of the crime of larceny (*State v. Byers*, 136 Wash. 620, 241 P. 9 (1925)) and no demand was made for money or anything of value, reasonable inferences from substantial evidence may be relied upon to prove the crime. *State v. Melrose*, 2 Wn. App. 824, 470 P.2d 552 (1970). The timing of the struggle for possession of the weapon, the presence of the car outside and the conditions under which it was parked along with the evidence of the three prior robberies showing identity and common scheme and design, were all factors which the jury properly considered. There is substantial evidence in the record to support the jury finding. It will not be disturbed on appeal. *State v. Kane*, 72 Wn.2d 235, 432 P.2d 660 (1967); *State v. Basford*, 76 Wn.2d 522, 457 P.2d 1010 (1969).

█   The appellant acknowledges that evidence of the three prior robberies was admissible to establish identity and common scheme or design but he argues that it was improper to join them in one information. He argues the prejudicial and confounding effect of having to defend against a multiple count indictment.

RCW 10.37.060 provides:

When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in sepa-

rate counts; and, if two or more indictments are found, or two or more informations filed, in such cases, the court may order such indictments or informations to be consolidated.

In *State v. McCourt*, 157 Wash. 499, 289 P. 41 (1930) the court held that since murder and robbery are not of the same class, it was improper to join a murder charge with charges of robbery, even though the murder was connected with one of the robberies. This case, as appellant concedes, was overruled in *State v. Smith*, 74 Wn.2d 744, 446 P.2d 571 (1968). Appellant contends, however, that *Smith* did not overrule *McCourt* insofar as the joinder of murder and robbery counts unconnected with each other are concerned. A careful reading of *Smith* indicates that appellant's contention is incorrect.

In *State v. Smith, supra*, the defendants were charged with (1) a murder connected with a robbery, (2) an assault connected with a robbery, (3) another murder connected with a robbery and (4) a robbery (count 5 in that case). Although the murders and the assault were in fact all connected with a robbery, they were not connected with the sole charge of robbery in count 5. In holding that the joinder was proper in that case, the court necessarily held that a count of murder connected with a robbery could be properly joined with an unconnected count of robbery. We find no error in the joinder.

Affirmed.

JAMES and SWANSON, JJ., concur.
Petition for rehearing denied May 27, 1971.
Review denied by Supreme Court June 22, 1971.