[No. 1309-1.    Division One—Panel 1.    November 6, 1972.]

THE STATE OF WASHINGTON, *Respondent,* v. JOE MACK KINSEY, *Appellant.*

*Lundin, Estep, Sindell & Haley, Inc., P.S.* and *James T. Marston,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney, Stewart P. Riley* and *Dave Boerner, Deputies,* for respondent.

CALLOW, J.—The defendant was tried and convicted of two counts of armed robbery. The sole issue on appeal is whether the court erred in denying the defendant's motions to sever the two separate robbery counts for trial. The defendant's claim is that by trying the two counts together the evidence was so overwhelming as to lead to his conviction by sheer weight; where if the two counts had been tried separately, there would have been insufficient evidence to convict of either count.

Three men robbed the Seaside Pharmacy in the Alki Beach area of West Seattle of cash and narcotics on March 6, 1971. The North Park Grocery in the north end of Seattle was robbed by two men of cash on March 13, 1971. A lineup was conducted in the Public Safety Building 2 days after the North Park Grocery robbery, and the defendant Joe Mack Kinsey was identified as being a participant in each robbery. Two witnesses made the identifications in the case of each robbery.

After the lineup identifications, the defendant was charged with the commission of the North Park Grocery robbery, and the Seaside Pharmacy robbery was not included as a count in the information. The matter came to trial on July 6, 1971, and the jury was unable to reach a verdict. A retrial of an action proceeds de novo and places the parties in the same position as if there had been no trial in the first instance. *State v. Young,* 200 Kan. 20, 434 P.2d 820 (1967); *State v. Stafford,* 274 N.C. 519, 164 S.E.2d 371

(1968); 58 Am. Jur. 2d *New Trial* § 228 (1971). Thereafter, the state filed an amended information in which the first count was the North Park Grocery robbery and the second count was the Seaside Pharmacy robbery. We believe the state is free to file a new information containing the same count and such other new counts as may be joined under the statute. *See* 41 Am. Jur. 2d *Indictments and Informations* § 33 (1968). The defendant was convicted of both counts at the second trial.

The motion to sever was made sufficiently prior to trial to be timely. It was clearly presented and timely made.

RCW 10.37.060 states that when there are several charges against any person for two or more acts or transactions of the same class of crime or offenses, which may be properly joined, instead of having several informations, the whole may be joined in one information, in separate counts.

The evils to be avoided by the joinder of several counts in one information are discussed in *State v. Smith,* 74 Wn.2d 744, 754, 446 P.2d 571 (1968), as follows:

> As we said in *State v. Long,* 65 Wn.2d 303, 396 P.2d 990 (1964), quoting from *State v. Brunn,* 145 Wash. 435, 260 Pac. 990 (1927), the joinder of counts should never be utilized in such a way as to unduly embarrass or prejudice one charged with a crime, or deny him a substantial right.

The defendants quote the following from *Drew v. United States,* 331 F.2d 85, 88 (D.C. Cir. 1964):

> The justification for a liberal rule on joinder of offenses appears to be the economy of a single trial. The argument against joinder is that the defendant may be prejudiced for one or more of the following reasons: (1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find. A less tangible, but perhaps equally persuasive, element of prejudice may reside in a latent feeling of hostility engendered

by the charging of several crimes as distinct from only one. Thus, in any given case the court must weigh prejudice to the defendant caused by the joinder against the obviously important considerations of economy and expedition in judicial administration.

In permitting joinder, the court noted the following elements as preventing prejudice to the defendant: (1) the strength of the state's evidence on each count, (2) the clarity of defenses to each count, (3) the court properly instructed the jury to consider the evidence of each crime, and (4) the admissibility of the evidence of the other crimes even if they had been tried separately or never charged or joined.

With these dangers in mind, it is within the discretion of the trial court whether two counts should be joined in one information. *Bayless v. United States*, 381 F.2d 67 (9th Cir. 1967); *State v. McDonald*, 74 Wn.2d 563, 445 P.2d 635 (1968). The exercise of this discretion will only be overturned because of a manifest abuse. *State v. Ogle*, 78 Wn.2d 86, 469 P.2d 918 (1970).

Joinder was allowed in *State v. Long*, 65 Wn.2d 303, 396 P.2d 990 (1964), of two counts of robbery where they were committed within a few minutes of each other in adjacent motels in downtown Spokane, and both robberies were executed by the same defendants. The court found no prejudice in allowing the joinder. In *State v. Ramel*, 65 Wn.2d 326, 396 P.2d 988 (1964), four incidents of the same crime, occurring within a limited area, within a 5-month period of time, and all following a common pattern, were held to justify joinder. Joinder of kidnapping and conspiracy to kidnap was allowed in *State v. Davis*, 48 Wn.2d 513, 294 P.2d 934 (1956), and murder in the first degree and assault in the first degree were allowed to be joined where they were connected, simultaneously committed and intimately associated each with the other. *See also State v. Winters*, 39 Wn.2d 545, 236 P.2d 1038 (1951).

In *State v. White*, 4 Wn. App. 668, 483 P.2d 867 (1971), it was acknowledged that evidence of prior robberies was

admissible to establish identity, common scheme or design; but it was claimed that it was improper to join them in one information, the defendant arguing that having to defend against a multiple count indictment had a prejudicial and confounding effect. The court upheld the joinder of the multiple robbery counts. *See also Draper v. Rhay,* 242 F. Supp. 829 (E.D. Wash. 1964).

We turn to a consideration of whether evidence of one of the robberies would have been admitted as proof of the charge brought on the other to prove plan, scheme or design. The court said in *State v. Conley,* 3 Wn. App. 579, 580, 476 P.2d 544 (1970):

> The statute permits joinder against a single defendant if the offenses . . . are of the same class of crimes or offenses. *State v. Brunn,* 145 Wash. 435, 260 P. 990 (1927).
>
> . . .
>
> Had severance been granted and Conley tried for the firearms violation alone, evidence of his possession of the tires and the circumstances surrounding his acquisition would have been relevant and admissible in establishing the inference he was also in possession of the pistol. *State v. Slaney,* 68 Wn.2d 93, 411 P.2d 426 (1966). If evidence of one crime is admissible to prove an element of a second, joinder of the two crimes cannot be said to be unlawfully prejudicial, where the criteria of this statute is otherwise met. *Drew v. United States,* 331 F.2d 85, 88 (D.C. Cir. 1964).

*State v. Ranicke,* 3 Wn. App. 892, 895, 479 P.2d 135 (1970), set forth the common scheme, plan or identity rule as follows:

> The general rule stated in *State v. Goebel,* 40 Wn.2d 18, 21, 240 P.2d 251 (1952), is that a defendant must be tried for the offenses charged in the information, and evidence of unrelated crimes may not be admitted unless certain exceptions exist:
>
>> These exceptions are to show (1) motive, (2) intent, (3) the absence of accident or mistake, (4) a common scheme or plan, or (5) identity. This list of exceptions is not necessarily exclusive, the true test being whether the evidence as to other offenses is relevant

and necessary to prove an essential ingredient of the crime charged. *State v. Lew,* 26 Wn. (2d) 394, 174 P. (2d) 291.

The test is whether the questioned evidence tends to establish motive, intent, absence of accident or mistake, common scheme or plan, or identity or presence. *State v. Boggs,* 80 Wn.2d 427, 495 P.2d 321 (1972). We think the evidence of the participation in the other robbery would show the common plan, scheme and design similarity between the two crimes. Both were nighttime robberies of retail establishments conducted by two or three accomplices who took cash and made their escape by automobile. The defendant was identified as being the man who held the gun in both robberies. This evidence would be admissible, in any event, to show plan, scheme, design or identity whether the transactions were joined in one information or only one count was charged; and, therefore, the joinder of the two counts was not prejudicial or confounding and was proper. The elements found persuasive in *State v. Smith, supra,* as dispelling prejudice and confusion are present here. *See also State v. Courville,* 63 Wn.2d 498, 387 P.2d 938 (1963); *State v. Hink,* 6 Wn. App. 374, 492 P.2d 1053 (1971); 41 Am. Jur. 2d *Indictments and Informations* § 224 (1968).

The defendant argues he should have an absolute right to severance since the two offenses were joined for trial solely on the ground that they are of the same character and that the adoption of Washington Proposed Rules of Criminal Procedure, Rule 4.4(b)(1) would give him such a right. The rule has not been adopted, however; and RCW 10.37.060 and cases construing it are the law until changed.

The judgment is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.

Petition for rehearing denied January 26, 1973.

Review denied by Supreme Court March 20, 1973.