[No. 1787-3.   Division Three.   December 27, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. HAROLD LEE DOWELL, *Appellant*.

*Mark Vovos* and *Vovos & Voermans*, for appellant.

*Donald C. Brockett, Prosecuting Attorney*, and *W. C. Henry, Deputy*, for respondent.

GREEN, J.—Defendant appeals from convictions for rape committed upon his daughter (count 1); second-degree assault against her son, with a deadly weapon (count 2); and carnal knowledge of another daughter (count 3).

Error is assigned to the trial court's denial of defendant's motions for (1) severance of the count charging carnal knowledge, and (2) dismissal of all charges for violation of CrR 3.3. We affirm.

Defendant was arrested in Portland, Oregon, on March 21, 1975, upon a warrant issued March 20 in Spokane County. The warrant was based upon a complaint by his

daughter for rape and second-degree assault against her child allegedly committed on March 17, 1975. Defendant waived extradition and was booked into the Spokane County jail on April 24. The next day he was given a preliminary appearance in district court. Unable to post bond, he was not released. At that time, defendant was represented by counsel, Bruce Owens, who had been retained for him by his wife.

Subsequently, the defendant discharged Mr. Owens and on May 28, John Murphy, a public defender, was appointed at the defendant's request. Trial had been set for June 4. On May 29, Mr. Murphy sought a continuance of the trial date "to the first available court date in [the] July, 1975 jury term, said continuance beyond the CrR 3.3 '60 day rule' being necessary for preparation of the defense . . ." This motion was granted and the trial was reset for July 7.

On June 27, the State was granted leave to amend the information to add count 3, charging defendant with carnal knowledge of another daughter. On June 30, upon motion of defense counsel, an order was entered appointing a sanity commission. On July 11, the court denied a defense motion to sever count 3 for separate trial. The report of the sanity commission was filed on July 15. On July 21, trial commenced and defendant was convicted by a jury.

First, defendant contends that the joinder of counts 1 and 2 with count 3 resulted in substantial prejudice due to "the cumulative evidence and hostility engendered by the totality of the evidence presented." It is argued that the emotional prejudice created by the joinder outweighs the advantages to be gained from one trial rather than two. We disagree.

■ The prejudicial effect of joinder of counts for trial is thoroughly discussed in *State v. Kinsey*, 7 Wn. App. 773, 775-78, 502 P.2d 470 (1972):

> The evils to be avoided by the joinder of several counts in one information are discussed in *State v. Smith*, 74 Wn.2d 744, 754, 446 P.2d 571 (1968), as follows:
>
> As we said in *State v. Long*, 65 Wn.2d 303, 396 P.2d

990 (1964), quoting from *State v. Brunn*, 145 Wash. 435, 260 Pac. 990 (1927), the joinder of counts should never be utilized in such a way as to unduly embarrass or prejudice one charged with a crime, or deny him a substantial right.

The defendants quote the following from *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964):

> The justification for a liberal rule on joinder of offenses appears to be the economy of a single trial. The argument against joinder is that the defendant may be prejudiced for one or more of the following reasons: (1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find. A less tangible, but perhaps equally persuasive, element of prejudice may reside in a latent feeling of hostility engendered by the charging of several crimes as distinct from only one. Thus, in any given case the court must weigh prejudice to the defendant caused by the joinder against the obviously important considerations of economy and expedition in judicial administration.

In permitting joinder, the court noted the following elements as preventing prejudice to the defendant: (1) the strength of the state's evidence on each count, (2) the clarity of defenses to each count, (3) the court properly instructed the jury to consider the evidence of each crime, and (4) the admissibility of the evidence of the other crimes even if they had been tried separately or never charged or joined.

With these dangers in mind, it is within the discretion of the trial court whether two counts should be joined in one information. *Bayless v. United States*, 381 F.2d 67 (9th Cir. 1967); *State v. McDonald*, 74 Wn.2d 563, 445 P.2d 635 (1968). The exercise of this discretion will only be overturned because of a manifest abuse. *State v. Ogle*, 78 Wn.2d 86, 469 P.2d 918 (1970).

The court in *State v. Kinsey*, *supra* at 777-78, goes on to

discuss the admissibility of all the misconduct, had severance been granted:

> We turn to a consideration of whether evidence of one of the robberies would have been admitted as proof of the charge brought on the other to prove plan, scheme or design. The court said in *State v. Conley*, 3 Wn. App. 579, 580, 476 P.2d 544 (1970):
>
>> The statute permits joinder against a single defendant if the offenses . . . are of the same class of crimes or offenses. *State v. Brunn*, 145 Wash. 435, 260 P. 990 (1927).
>>
>> . . .
>
> Had severance been granted and Conley tried for the firearms violation alone, evidence of his possession of the tires and the circumstances surrounding his acquisition would have been relevant and admissible in establishing the inference he was also in possession of the pistol. *State v. Slaney*, 68 Wn.2d 93, 411 P.2d 426 (1966). If evidence of one crime is admissible to prove an element of a second, joinder of the two crimes cannot be said to be unlawfully prejudicial, where the criteria of this statute is otherwise met. *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964).
>
> *State v. Ranicke*, 3 Wn. App. 892, 895, 479 P.2d 135 (1970), set forth the common scheme, plan or identity rule as follows:
>
>> The general rule stated in *State v. Goebel*, 40 Wn.2d 18, 21, 240 P.2d 251 (1952), is that a defendant must be tried for the offenses charged in the information, and evidence of unrelated crimes may not be admitted unless certain exceptions exist:
>>
>>> These exceptions are to show (1) motive, (2) intent, (3) the absence of accident or mistake, (4) a common scheme or plan, or (5) identity. This list of exceptions is not necessarily exclusive, the true test being whether the evidence as to other offenses is relevant and necessary to prove an essential ingredient of the crime charged. *State v. Lew*, 26 Wn. (2d) 394, 174 P. (2d) 291.
>
> The test is whether the questioned evidence tends to establish motive, intent, absence of accident or mistake, common scheme or plan, or identity or presence. *State v. Boggs*, 80 Wn.2d 427, 495 P.2d 321 (1972).

First, the evidence here shows a pattern of repeated

abuse of the two complaining witnesses extending over a period of several years. Although counts 1 and 3 are separated in time by several months, they are united in the common pattern of sexual misconduct. Second, the elements preventing prejudice outlined in *State v. Kinsey, supra,* are present in this case. The State's evidence on each count was sufficient for the jury to find guilt; the defenses on each count were clear; the jury was properly instructed to consider the evidence of each crime; and had the counts been separated for trial, the evidence of defendant's sexual misconduct would have been admissible to show the common pattern of activity. *See* CrR 4.3; *State v. Nist,* 77 Wn.2d 227, 237, 461 P.2d 322 (1969); *State v. Leohner,* 69 Wn.2d 131, 417 P.2d 368 (1966); *State v. Johnson,* 60 Wn.2d 21, 371 P.2d 611 (1962); *State v. Goebel,* 40 Wn.2d 18, 240 P.2d 251 (1952); *State v. Boyles,* 196 Wash. 227, 82 P.2d 575 (1938); *State v. Hartnell,* 15 Wn. App. 410, 550 P.2d 63 (1976). We find no abuse of discretion by the trial court in denying defendant's motion for severance.

Second, defendant claims that the trial court erred in refusing to dismiss the information for violation of the 60-day rule contained in CrR 3.3 because he was tried 87 days after his preliminary appearance. The trial date was originally set within the 60-day limit of CrR 3.3, but was extended due to a continuance granted at defense counsel's request on May 29. Later, it was further extended to accommodate defendant's request for a sanity commission. It is vigorously argued that the first continuance entered at the request of newly appointed counsel was without defendant's consent or approval. We find nothing in the record relating to this contention, except defendant's representation during his pro se argument for dismissal on June 27. We find no error.

While the time limits set forth in CrR 3.3 have been rigidly applied, *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975); *State v. Espeland,* 13 Wn. App. 849, 537 P.2d 1041 (1975), the defendant's own conduct in discharging counsel effectively prevented strict adherence to this rule. The trial

court properly granted the motion for continuance to allow defense counsel time to prepare an adequate defense. CrR 3.3(e)(1) and (3).[1] While one has a constitutional right to speedy trial, such trial should not be held at the expense of defendant's constitutional right to a fair trial. As stated in *State v. Livengood*, 14 Wn. App. 203, 209, 540 P.2d 480 (1975):

> Obviously, the court would have committed grievous error if it declined to grant a continuance . . . The court could not have insisted on a trial on that date in fairness to the defendant. New counsel was assigned, and he, as the defendant's representative and on his behalf, stipulated to the trial date in May, which was beyond the 90 days.
>
> We do not believe the defendant, under the circumstances of this case, can now be heard to say he disavows the motion and stipulation of his counsel, particularly when it was done for his benefit and did not prejudice him in the presentation of his defense.

It is apparent from the record that defendant has had considerable difficulty working with counsel. He discharged Mr. Owens, and Mr. Murphy was relieved by other appointed counsel for this appeal. Later, defendant sought to remove him. Defendant cannot by his own acts in discharging counsel, delay the progress of his proceeding and then assert that delay as a ground for dismissal under CrR 3.3.

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied February 14, 1977.

Review denied by Supreme Court June 28, 1977.

---

[1] In the circumstances of this case, the court, on its own motion, could have continued the trial date to allow newly appointed counsel time to prepare a defense. Surely, if the case had gone to trial as scheduled and defendant convicted, he would now be contending that he had been denied a fair trial because his counsel did not have adequate time to prepare his defense.