[No. 5824–1. Division One. October 30, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. KENNETH KARL WILLS, *Appellant.*

Robert Olson of Seattle–King County Public Defender, for appellant.

Christopher T. Bayley, Prosecuting Attorney, Thomas L. Pugh, Deputy, and Marcia M. Nelson, Legal Intern, for respondent.

FARRIS, C.J.—Kenneth Karl Wills appeals from a judgment entered on a verdict finding him guilty of one count of defrauding an innkeeper and seven counts of grand larceny.

Wills was charged with two counts of defrauding an innkeeper and nine counts of grand larceny. Counts 1 and 2 of the information alleged innkeeper fraud involving two hotels. At each hotel, Wills represented that he was employed by the Alaska Teamsters Union and implied that he had influence with the union. He left each hotel without paying his bill.

Counts 3 through 11 alleged larceny by means of false representations. Evidence was introduced that on specific occasions during the years 1975 and 1976, Wills represented to certain persons that he was a member of the Teamsters Union in Alaska, knew and had influence with the head of the union, Jesse Carr, and could, for a fee, obtain employment for them in Alaska through the Teamsters Union.

The appeal questions whether the trial court erred in: (1) failing to sever the two counts of defrauding an innkeeper from the grand larceny counts, (2) admitting hearsay testimony based on alleged computer records, (3) admitting evidence of other crimes and acts of misconduct, and (4)

holding that there was sufficient evidence to support Wills' conviction on counts 5 and 9 of the grand larceny information.

■ Here the questions regarding joinder under CrR 4.3(a)(1) and severance under CrR 4.4(b)(1) were discretionary matters for the trial judge. *State v. Dowell,* 16 Wn. App. 583, 585, 557 P.2d 857 (1976), *quoting State v. Kinsey,* 7 Wn. App. 773, 502 P.2d 470 (1972);[1] *see State v. Young,* 87 Wn.2d 129, 132, 550 P.2d 1 (1976). The trial court's exercise of discretion will be overturned only if there is a manifest abuse. Each count of criminal conduct involved a deliberate and intentional misrepresentation of material facts involving Wills' Teamster affiliation, upon which the respective victims relied in providing services or money to Wills. Thus, evidence of each of the 11 counts would have been admissible, even if they had not been joined, as it tended to establish motive, intent, absence of accident or mistake, common scheme or plan, or identity or presence. *State v. Boggs,* 80 Wn.2d 427, 433, 495 P.2d 321 (1972). We find no abuse of discretion in the trial court's ruling.

Wills objects to the joinder of count 11 because it occurred almost a year after the events in eight other counts. We reject the argument. The common pattern of the alleged criminal activity was such that the trial court did not abuse its discretion by refusing to sever because of the period between the earliest and latest offense. *See State v. Dailey,* 18 Wn. App. 525, 528, 569 P.2d 1215 (1977) and *State v. Ramel,* 65 Wn.2d 326, 396 P.2d 988 (1964).

The secretary–treasurer of Local 959 of the Alaska Teamsters Union, Jesse L. Carr, testified that after searching union records he learned that neither Wills nor any of his victims had ever been members of the Alaska Teamsters

---

[1]The authority relied upon in *State v. Kinsey, supra,* is *State v. Ogle,* 78 Wn.2d 86, 469 P.2d 918 (1970), which concerned joinder of defendants. The same rule applies with respect to the discretion employed by a trial court in permitting joinder of counts.

Union. The membership information was stored in a computer. Carr's testimony regarding that information may have been inadmissible hearsay. The critical question, however, was not Wills' membership in the Teamsters, but whether Wills was known by Carr and was influential in the Teamsters Union.[2] Carr refuted this on his own personal knowledge. The disputed testimony, therefore, was at most harmless error. *See State v. Walker,* 16 Wn. App. 637, 557 P.2d 1330 (1976).

 In three instances the trial court allowed, over objection, testimony regarding other alleged illegal acts. (1) Testimony was presented that Wills told a family he could find their son a job in Alaska, received $150 for alleged union dues from them and failed to find a job for the son. (2) A young woman testified that she overheard Wills offering jobs and union membership to another person and that Wills told her he had approached someone else with similar offers. (3) Testimony was admitted regarding Wills' stay at another hotel in the area which he left without paying his bill. The complained of testimony in the first two instances was admitted to prove intention, lack of mistake or a common scheme on Wills' behalf. We find no error in its admission. *See State v. Goebel,* 40 Wn.2d 18, 21, 240 P.2d 251 (1952); *State v. Kinsey, supra* at 777–78. As to the third instance, see *State v. Battle,* 16 Wn. App. 66, 553 P.2d 1367 (1976), in which we upheld a conviction for grand larceny even though evidence of defendant's prior uncharged acts of misconduct was admitted:

> Mere similarity between other criminal misconduct and the crimes charged would not in itself have justified the admission of this evidence. . . . But where, as here, a distinctive means was employed in committing the other offenses and the crimes charged, . . . or where the criminal acts were inseparable from a whole criminal scheme,

---

[2]Note also that all of the alleged victims who testified admitted that they were never members of the Alaska Teamsters Union. Two alleged victims included in Carr's contested testimony did not testify.

. . . evidence of the other criminal misconduct is relevant and admissible.

(Citations omitted.) *State v. Battle, supra* at 69–70. While we find no error, we question the practice. Prosecutors who rely on the fact that courts sometimes do not find the use of extraneous evidence grounds for reversal run a serious and unnecessary risk.

Counts 5 and 9 concern two incidents in which Wills induced people to cash checks for him. There was sufficient evidence to submit the question of his guilt to the jury upon proper instruction. *See State v. Fateley,* 18 Wn. App. 99, 566 P.2d 959 (1977).

Affirmed.

JAMES and SWANSON, JJ., concur.

Reconsideration denied December 20, 1978.

Review denied by Supreme Court May 4, 1979.